528 A.2d 165

UNITED STATES STEEL AND CARNEGIE PENSION
FUND, a Corporation

v.

Betty DECATUR and Darryl Decatur, individuals, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 3, 1986.

Filed May 26, 1987.

Reargument Denied July 31, 1987.

Robert G. Delgreco, Jr., Pittsburgh, for appellant.

James T. Carney, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is a direct appeal from a partial judgment on the pleadings entered in favor of United States Steel and Carne-

gie Pension Fund [plaintiff].[1] After having considered the matter under the applicable standard of review, *see Jones v. Travelers Insurance Co.*, 356 Pa.Super. 213, 514 A.2d 576 (1986), we affirm.

In 1940, Joseph Rikvalsky retired from his employment with United States Steel Corporation and qualified for a pension payable by plaintiff. In 1967, Mr. Rikvalsky died. The defendants, who are Mr. Rikvalsky's daughter and grandson, continued to accept the decedent's pension checks, signing his name thereto, then endorsing them and cashing or depositing them to their own use. Defendants continued this practice until 1983.

Plaintiff filed a civil action in two counts. In the first count, an action "for monies had and received," the foregoing facts are alleged. To these allegations, however, the defendants declined to answer invoking their Fifth Amendment right against self-incrimination. In New Matter, the defendants raised the statute of limitations as a bar to recovery of any amounts prior to 1979. *See* 42 Pa.C.S. § 5525(4). Plaintiff filed an answer to defendant's New Matter.[2]

On appeal the defendants raise two issues, both of which have been discussed and decided by the trial court. The trial court, relying on *City of Philadelphia v. Kenny*, 28

1. The trial court expressly granted reconsideration of its decision to enter judgment on the pleadings when, in response to defendants' motion to reconsider, it entered an order which stated in part that "the allowance of this Motion for Reconsideration shall act as a supersedeas and toll the time limitations for appeal as set forth in Pa.R.A.P. 1701, *et seq.*" By expressly granting reconsideration, the appeal period was tolled. *See* Pa.R.A.P. 1701; *Dillon by Dillon v. National Railroad Corp.*, 345 Pa.Super. 126, 497 A.2d 1336 (1985). When the trial court reaffirmed the judgment, defendants properly filed the present appeal. We also note that counts one and two of plaintiff's complaint allege separate causes of action. Thus, the appeal from the order granting judgment on the first count only is properly before us. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983).

2. Although this pleading does not appear in the reproduced record, it is in the original record as certified to us.

Pa.Commonw. 531, 369 A.2d 1343 (1977), *cert. den.*, 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281 (1978), held that the defendants' assertion of their privilege against self-incrimination, along with other matters contained in the pleadings, warranted an adverse inference against them that supported the grant of the judgment on the pleadings.

■ Defendants first argue that the trial court erred in drawing a negative inference from the assertion of their Fifth Amendment right against self-incrimination when it ruled on plaintiff's motion for judgment on the pleadings. Defendants claim that the negative inference should not be drawn in this civil action because "serious criminal implications are clearly recognizable." Appellants' brief at 10. They point to the possibility that they could be subject to criminal prosecution for various theft offenses based on the events that are alleged in plaintiff's complaint.

This issue was decided against defendants in *Kenny.* In that case, the City of Philadelphia filed complaints in assumpsit against several taxpayers alleging that they had not paid the wage tax for the years set forth in the complaints. The City demanded payment of the delinquent taxes plus interest and penalties. In their answers, the taxpayers responded to certain allegations in the City's complaints by asserting their Fifth Amendment right against self-incrimination. After the pleadings were closed, the City moved for judgment on the pleadings in several of the cases. The trial court granted the relief sought. On appeal, the Commonwealth Court found that the actions were completely civil in nature and that the taxpayers had a reasonable apprehension that they could be subjected to quasi-criminal proceedings for their failure to file the required tax returns. Based on this reasonable apprehension of prosecution, the Court found that the taxpayers could assert the privilege in the action. The Court, however, went on to adopt the rule that, "while a defendant in a civil case may invoke the privilege and it may not be used

against him in any way in a *subsequent criminal prosecution,* the court in the *civil case* may draw any adverse inference which is reasonable from the assertion of the privilege." *Id.* at 540–541, 369 A.2d at 1349 (emphasis in original; citations omitted). The Court went on to find that a reasonable inference to be drawn from the taxpayers' assertion of the privilege was that a truthful response would fail to deny the City's allegations; that the allegations were admitted by the failure to deny them; and, that "the assertion of the privilege leaves *no* unresolved questions of fact which would render judgment on the pleadings ... inappropriate." *Id.* at 541–542, 369 A.2d at 1349 (emphasis in original). Hence, we find no error in the trial court's decision to draw an adverse inference from defendants' assertion of their right against self-incrimination.[3]

As an alternative ground for relief, defendants also argue in their first issue that the negative inference to be drawn from the assertion of their right against self-incrimination must be reasonable and that the inference drawn by the court presently was not reasonable.[4] Specifically, defendants argue that it is unreasonable to infer from their assertion of the right against self-incrimination that both defendants consistently converted the checks from 1967 to 1983. We have reviewed the record and have accorded due consideration to the argument advanced by defendants.

3. Defendants also note that when an action is criminal in nature, despite its designation as civil, that no adverse inference may be drawn. This point affords defendants no relief since the present action is purely civil in nature. *See Allen v. Illinois,* — U.S. —, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986) [U.S. Supreme Court rejects claim that a proceeding under the Illinois Sexually Dangerous Persons Act was criminal within the meaning of the Fifth Amendment's guarantee against compulsory self-incrimination since the Act did not "promote either of 'the traditional aims of punishment—retribution and deterrence.'" *Id.* 106 S.Ct. at 2992 (quoting *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168, 83 S.Ct. 554, 567, 9 L.Ed.2d 644 (1963) ]; *City of Philadelphia v. Kenny, supra.*

4. Defendants also argue that the negative inference should not be available at the pleading stage. We need not consider this argument since *Kenny* has already disposed of it.

Judge Zeleznik, in his opinion in support of the judgment, has adequately discussed and properly disposed of the issue.

In their second issue, defendants argue that the trial court could not properly grant judgment on the pleadings because their assertion of the statute of limitations presents an unresolved question of fact and law. The trial court found that defendants were estopped from raising the affirmative defense by their concealment of the fact of Mr. Rikvalsky's death for some 16 years. The defendants in their New Matter aver in paragraph 16 that plaintiff "knew or should have known of" Mr. Rikvalsky's death. Although plaintiff agrees with defendants that in ruling on its motion for judgment on the pleadings the trial court was limited to considering plaintiff's complaint and defendants' answer, *see Luria Steel & Trading Corp. v. Dittig,* 414 Pa. 197, 199 A.2d 465 (1964), plaintiff submits that "the admitted or non-responded to allegations of the complaint ..." justified the trial court's conclusion. Plaintiff's brief at 10–11. We agree.

■ Plaintiff, in paragraph 8 of its complaint, averred that defendants received the pension checks payable to the decedent and converted the monies received to their own accounts. To this averment, defendants asserted their right against self-incrimination. As we have previously concluded, this assertion constitutes an admission. Faced with these pleadings, we find no error in the trial court's conclusion that the defendants' "conduct of affixing the pensioner's name on his checks for sixteen years caused the plaintiff to relax its vigilance and deviate from its right of inquiry, estopping the defendants from invoking the bar of the statute." Trial court's op. at 9. *See Novelty Knitting Mills, Inc. v. Siskind,* 500 Pa. 432, 457 A.2d 502 (1983) (elements of equitable estoppel are inducement and justifiable reliance).

Judgment affirmed.