DEL SOLE, Judge.
This is an appeal from a trial court order granting Summary Judgment and dismissing Appellant’s Complaint on the ground that it is barred by a two year statute of limitations. At issue on appeal is whether a two or a four year limitation period is applicable to the claims set forth by Appellant in its Complaint.
The Complaint alleges that Appellant was the surety for Michael F. Yaconis as Tax Collector for the Township of West Deer and for Deer Lakes School District. It avers that Mr. Yaconis diverted tax monies for his own personal use, and that on one occasion Mr. Yaconis issued a check to Appellee for $17,506.77. The Complaint makes further allegations that because the check was clearly labeled “Mike Yaconis Tax Collector,” Ap-pellee knew or should have know that the money represented by the cheek was not Mr. Yaconis’ personal property but rather belonged to the taxing bodies. Appellant’s complaint concludes that it had to make payment to the taxing bodies under the terms of its bond, and that Appellee is required by law to return the funds which had been wrongfully converted by Mr. Yaconis.
In ruling on Appellee’s motion for Summary Judgment the trial court applied the two year statute of limitations contained in 42 Pa.C.SA. § 5524(3). It provides that an “action for taking, detaining or injuring personal property, including actions for specific recovery thereof’, must be commenced within two years. Id. The trial court characterized Appellant’s Complaint as an action for taking or detaining of another’s property, a conclusion with which we agree. In its Complaint Appellant contends that Appellee either intentionally or negligently retained possession of property of another. The Complaint alleges that Appellee knew or should have known that it was in possession of money belonging to the taxing bodies, which the tax collector was not authorized to use for his own personal needs. The allegations of “taking” or “detaining” money to which it had no right, cause the claim made in Appellant’s Complaint to fall under the two year limitation period contained in § 5524(3).
Appellant argues that prior case law requires us to consider this case as a suit for “money had and received.” As such Appellant reasons that the four year limitation period of 42 Pa.S.C.A § 5525(4) would apply for action upon a contract implied in law. In support of its position Appellant cites to Columbia Casualty Company v. Westmoreland County, 365 Pa. 271, 74 A.2d 86 (1950), and United States Steel and Carnegie Pension Fund v. Decatur, 364 Pa.Super. 294, 528 A.2d 165 (1987).
The trial court, however, has rightfully recognized that the decision in Columbia supra., while markedly similar in factual background, did not comment on the issue pre *578 sented in this case. Questions of the nature of the action or the applicable limitation period were not at issue in Columbia. Likewise, in United States Steel, supra., although the plaintiff pension fund brought an action for what it termed “monies had and received,” the relevance of this characterization in terms of the applicable statutory limitation period was never discussed.
A reply to the analysis offered by the Dissent may be appropriate. First, the Dissent characterizes the Appellee as “... a third person who has received funds which, in equity and good conscience, should be paid to another.” Unfortunately, there is no analysis of the reason for the payment of the funds to the Appellee which it claims was in compliance of all laws. It does not strain credibility to surmise that the funds were paid for goods received by the payor.
Second, while a claimant has four years to seek recovery under the bond of a public official, this is not dispositive of the issue before us. Since any claim against a bonding company could be brought on the last day of this four year period, and since payment may be resisted for some time thereafter, it may often be that the bond company’s payment will occur more than four years from the conversion. Under this scenario, the bonding company would be prevented from making its claim even if the statute of limitations was four years. The Dissent’s view that our decision today is absurd and unfair is no less “unfair” to the bonding company than a situation where the claimant waits four years before making a claim on the bond.
The four year statute of limitations for making a claim on a bond for a public official is to protect the public interest. The premium charged by the company contemplates this extended claim period. It is not intended to extend the time in which claims can be made against third parties.
Finding no contrary precedent, we conclude that the trial court did not error in applying the two year limitation period of § 5524(3), in this action.
Summary Judgment Affirmed.
WIEAND, Judge, files a dissenting opinion.