**COMMONWEALTH of Pennsylvania**

v.

**Todd ALLEN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 2012.

Decided Dec. 18, 2012.

Todd Allen, pro se.

Jonathan M. Levy, Assistant District Attorney, Philadelphia, for appellee.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Todd Allen appeals, *pro se*, an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his motion for return of property under Pennsylvania Rule of Criminal Procedure 588. By this motion, Allen sought the return of $1,061 in cash that was seized from him at the time of his arrest in 2002 on drug-related charges. The trial court held that Allen's claim for the return of this property had been waived because Allen had not filed his motion within 30 days of the dismissal of his criminal charges. We hold that Allen's motion for return of property was untimely filed because it did not satisfy the six-year statute of limitations in 42 Pa.C.S. § 5527(b). Accordingly, we affirm the trial court but on other grounds.

On January 10, 2002, Allen was arrested during a traffic stop in Philadelphia and charged with possession of a controlled substance, possession with intent to deliver, and violating the Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6127. The charges against Allen were withdrawn by *nolle prosequi* on November 8, 2002.

On July 13, 2010, Allen filed a motion for return of property pursuant to Pennsylvania Rule of Criminal Procedure 588 [1] seeking the return of $1,061 in cash that was seized by the police at the time of his arrest. The Commonwealth of Pennsylvania filed a motion to dismiss on March 8, 2011, asserting that Allen had waived his right to seek return of the $1,061 because he had filed his Rule 588 motion more than seven years after the final disposition of his criminal case. In support of its waiver argument, the Commonwealth cited *Commonwealth v. Setzer*, 258 Pa.Super. 236, 392 A.2d 772 (1978). The trial court dismissed Allen's motion on April 28, 2011, and this appeal followed.

1. It states:

(A) A *person aggrieved by a search and seizure*, whether or not executed pursuant to a warrant, *may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.* Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

PA. R.CRIM. P. 588 (emphasis added).

■ On appeal,[2] Allen argues, *inter alia*, that the trial court erred in relying upon *Setzer* to conclude that he had waived his claim for return of property. We agree, albeit for reasons different than those raised by Allen.

In *Setzer*, police seized cash from a defendant during an arrest for the sale of controlled substances. The defendant was convicted on all counts relating to the arrest, and he did not seek a return of his seized cash during the criminal proceedings or at sentencing. Nearly two years later he filed a petition for return of property pursuant to former Pa. R.Crim. P. 324, which has been replaced by Rule 588.[3] The Superior Court held that the defendant's claim was precluded because "where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding." *Setzer*, 392 A.2d at 773 (quoting *Commonwealth v. Romberger*, 474 Pa. 190, 196, 378 A.2d 283, 286 (1977)). The Superior Court acknowledged that Rule 324 did not specify when a motion for the return of property should or must be filed, but concluded that, logically, "an issue of this nature is most properly raised in conjunction with post-trial motions or, at the latest, when sentence is imposed." *Id.* at 773 n. 4.

Allen argues that the waiver rule announced in *Setzer* applies only in criminal cases that end in a conviction, whereas the charges against him were *nol prossed*. Allen notes *Setzer* treated the motion for return of property as a post-trial motion that had to be filed within 30 days of the verdict. This logic fails where, as here, the charges are dismissed before a trial. Stated another way, without a trial Allen cannot be required to file a post-trial motion. These are good points, but we decline to follow *Setzer* for other reasons.

■ It is well settled that decisions of the Superior Court are not binding upon this Court. *Muntz v. Department of Transportation*, 157 Pa.Cmwlth. 514, 630 A.2d 524, 525 (1993). We decline to follow *Setzer* because forfeiture proceedings and proceedings for the return of property "are not criminal proceedings as such; instead, they are 'civil in form, but quasi-criminal in character.'" *In re One 1988 Toyota Corolla*, 675 A.2d at 1295 (quoting *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999, 1005 (1976)); *see also Commonwealth v. Perez*, 941 A.2d 778, 780 (Pa.Cmwlth.2008) (noting that civil forfeitures "are the *in rem* consequence for wrongdoing prescribed by statute" and that property is not forfeited "as a result of the criminal conviction, but through *a separate proceeding*, civil in form but quasi-criminal in nature. . . .") (emphasis added).[4] A return of property motion is often raised in a civil forfeiture proceeding. Accordingly, the progress of an ancillary criminal proceeding, if any, may not be relevant because "conviction of a crime is

---

**2.** Our scope of review on appeal from a trial court's decision on a motion for return of property is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *In re One 1988 Toyota Corolla (Blue Two–Door Sedan) Pa. License TPV 291,* 675 A.2d 1290, 1296 n. 13 (Pa.Cmwlth.1996).

**3.** Rule 324 was renumbered on March 1, 2000, as Pa. R.Crim. P. 588. The operative language of the rule was unchanged. As did its predecessor, Rule 588 does not provide any guidance on when a petitioner should or must file a motion for return of property.

**4.** We recognize that this Court cited *Setzer* with approval in *Commonwealth v. One 1990 Dodge Ram Van*, 751 A.2d 1235 (Pa.Cmwlth. 2000). To the extent that it is inconsistent with our holding in the case at bar, *One 1990 Dodge Ram Van* is overruled.

not necessary to support forfeiture proceedings[.]" *Commonwealth v. 1978 Toyota*, 321 Pa.Super. 549, 468 A.2d 1125, 1126 (1983). Indeed, there may be a civil forfeiture proceeding where no criminal charges have even been filed against the person from whom the property has been seized. *See, e.g., Commonwealth v. Three Hundred Ten Thousand Twenty Dollars ($310,020.00) In United States Currency*, 894 A.2d 154 (Pa.Cmwlth.2006). The same is true where there is an acquittal. *Commonwealth v. 542 Ontario Street, Bethlehem, PA, 18015*, 989 A.2d 411 (Pa.Cmwlth. 2010) (affirming civil forfeiture of home even though homeowner was acquitted of drug-related criminal charges).

Moreover, requiring a return of property motion to be filed with post-trial motions or at sentencing ignores the fact that seized property often belongs to a third party who is not involved in a criminal proceeding. To file a motion for return of property, the third party would have to intervene in the criminal proceeding to protect his civil property interest. There is no precedent for such an awkward procedure because it makes no sense.

■ Having rejected *Setzer*'s 30–day statute of limitations, we must decide the appropriate deadline for filing a motion for return of property. When property is seized without a warrant, the Commonwealth must institute forfeiture proceedings "forthwith." 42 Pa.C.S. § 6801(c). There is a two-year statute of limitations for commencement of an "action upon a statute for a civil penalty or forfeiture," 42 Pa.C.S. § 5524(5); by its terms, that statutory deadline applies to the moving party

in a forfeiture action, which is the Commonwealth, and not to the respondent. It seems appropriate that where the Commonwealth fails to institute a forfeiture petition "forthwith," never later than two years after the warrantless seizure, the property should return automatically to the person from whom it is seized. However, the question of whether the Commonwealth has been dilatory is not before us.[5]

Another possible statutory deadline for a return of property motion is the two-year limitation period for "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof." 42 Pa.C.S. § 5524(3). We find that Section 5524(3) is inapplicable for two reasons.

First, all of the reported cases applying Section 5524(3) are tort actions commenced by complaint. *See, e.g., Kingston Coal Co. v. Felton Mining Co., Inc.*, 456 Pa.Super. 270, 690 A.2d 284 (1997) (conversion arising from unlawful removal of minerals); *American Insurance Co. v. Ford Motor Credit Co.*, 436 Pa.Super. 611, 648 A.2d 576 (1994) (surety of tax collector brought suit to recover amounts paid to third party out of public funds); *Torchia v. Keystone Foods Corp.*, 431 Pa.Super. 83, 635 A.2d 1082 (1993) (tortious interference with contract rights); *Bender v. McIlhatten*, 360 Pa.Super. 168, 520 A.2d 37 (1987) (tortious interference with lease negotiations). None of these tort claims can be filed against the Commonwealth or a municipal police department because they do not fall within the category of torts that

5. We note that it has not been judicially determined when the two-year limitation period in 42 Pa.C.S. § 5524(5) begins to run against the Commonwealth for filing a forfeiture petition. If property does not return automatically to the party that succeeds in a forfeiture action, either by the Commonwealth's failure to pursue a forfeiture in a timely fashion or because the Commonwealth fails to make its case on the merits, then the respondent should be able to file a petition for writ of *habeas rem*, or some such remedy, against the government's unlawful retention of property.

can be filed against the Commonwealth or a local government.

Second, the Judicial Code itself establishes that the two-year statute of limitations does not apply to a motion for return of property. Chapter 55 of the Judicial Code, entitled "Limitation of Time," sets forth limitation periods for an "[a]n *action, proceeding* or appeal." 42 Pa.C.S. § 5501(a) (emphasis added). The Judicial Code defines an "action" as "[a]ny action at law or in equity." 42 Pa.C.S. § 102. Section 102 clarifies that a "proceeding" is broader in scope and "[i]ncludes every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or an appeal." [6] An "other application which may be made to a court" would include a motion for return of property.

The two-year statute of limitations in Section 5524(3) applies to "[a]n *action* for taking, detaining or injuring personal property, including actions for specific recovery thereof." 42 Pa.C.S. § 5524(3) (emphasis added). A motion for return of property under Rule 588 is not an "action at law or in equity." It is a "proceeding," to which Section 5524(3) does not apply.

■ Because there is no specific limitation period established by rule or law for the filing of a motion for return of property, the residual six-year statute of limitations in 42 Pa.C.S. § 5527(b) is the one to apply.[7] We further hold that the six-year limitation period begins to run at the conclusion of the criminal case in the trial court, whether by conviction, acquittal or withdrawal of the charges; at the conclusion of any post-conviction proceedings or appeals; or at the conclusion of any collateral proceedings in federal court.[8]

In summary, even though we decline to follow *Setzer*, we conclude that Allen's motion for return of property, filed on July 13, 2010, was untimely because it was filed more than six years after his criminal case was concluded on November 8, 2002, when the criminal charges against him were withdrawn. Accordingly, we affirm on other grounds the order of the trial court dismissing Allen's motion for return of property.[9]

6. Section 102 of the Commonwealth Attorneys Act has the same definition of "action." Act of October 15, 1980, P.L. 950, 71 P.S. § 732–102. It does not define "proceeding." A "matter" is defined in the Commonwealth Attorneys Act and in the Judicial Code as an "[a]ction, proceeding or appeal." *Id.;* 42 Pa. C.S. § 102.

7. Section 5527(b) provides:
(b) Other civil action or proceeding.—Any civil action or *proceeding which is neither subject to another limitation specified in this subchapter* nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.
42 Pa.C.S. § 5527(b) (emphasis added).

8. A six-year limitation period for filing a motion for return of property is roughly equivalent to the five-year period of time that must elapse before the property is considered abandoned. *See* Section 1301.9(1) of the Act of April 9, 1929, P.L. 343, added by the Act of December 9, 1982, P.L. 1057, *as amended,* 72 P.S. § 1301.9(1) ("[A]ll property held for the owner by any court ..., unclaimed by the owner for more than five (5) years from the date it first became demandable or distributable" is "presumed abandoned and unclaimed[.]"). An "action for escheat" must be "commenced within 15 years after the property sought in such action shall have first escheated or become escheatable." 42 Pa. C.S. § 5528.

9. Before the Court is the Commonwealth's Motion for Modification of the Record Pursuant to Pa. R.A.P. 1926. By this motion, the Commonwealth seeks to supplement the certified record to add (1) the docket entries of a 2002 proceeding it commenced in the trial court to forfeit the $1,061 in cash seized from Allen and (2) the trial court's order dated

Judge LEADBETTER, Judge BROBSON and Judge COVEY concur in the result only.

## ORDER

AND NOW, this 18th day of December, 2012, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter dated April 28, 2011, is AFFIRMED. The Commonwealth's Application to Modify the Record Pursuant to Pa. R.A.P. 1926 is DENIED.

April 2, 2002, granting the Commonwealth's forfeiture petition. The Commonwealth argues that the doctrine of *res judicata* bars Allen from relitigating the issue of rightful ownership of the seized cash. Because the Commonwealth did not discover these records until it was preparing this appeal, the trial court did not consider them. It is well settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." PA. R.A.P. 302(a).

Therefore, we deny the Commonwealth's motion. We note, however, that the Commonwealth's legal argument is correct. Allen could not have used a petition for return of property under Pa. R.Crim. P. 588 to essentially open a default judgment of forfeiture entered years earlier with respect to the same property. He would have to petition the trial court to open the judgment. *See* PA. R.C.P. No. 237.3 (Relief From Judgment of Non Pros or by Default).