J-S50021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAMES W. CRISE, :
:
Appellant : No. 150 WDA 2014

Appeal from the Order Entered December 27, 2013,
In the Court of Common Pleas of Westmoreland County,
Criminal Division, at Nos. CP-65-CR-0001899-2008 and
CP-65-CR-0004502-2008.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 18, 2014**

Appellant, James Crise, appeals from an order staying disposition of
his motion for return of property pending a decision by the Pennsylvania
Supreme Court in **Commonwealth v. Allen**, 74 A.3d 121 (Pa. 2013)
(granting appeal). For the reasons that follow, the appeal is quashed.[1]

The trial court summarized the facts as follows:

The property at issue was seized from [Appellant's]
residence on August 18, 2007, pursuant to a search warrant
executed by law enforcement in conjunction with a criminal

_____

[1] Both this Court and the Commonwealth Court have jurisdiction to decide
an appeal involving a motion for the return of property filed pursuant to
Pa.R.Crim.P. 588. **Commonwealth v. Durham**, 9 A.3d 641, 642 n. 1 (Pa.
Super. 2010).

investigation of [Appellant] involving the sexual abuse and exploitation of a minor female. This abuse and exploitation involved the use of computers and other related equipment. As a result of the police investigation, [Appellant] was charged by separate criminal informations filed at 1899 C 2008 and 4502 C 2008 in the Court of Common Pleas of Westmoreland County, Pennsylvania, with crimes associated with his relationship with a minor child, EK, and her friend, BJ (also a minor child). He was convicted by a jury of the charges filed at 1899 C 2008 on August 13, 2009, and sentenced on December 22, 2009 to an aggregate sentence of 6 to 25 years incarceration. [Appellant] was convicted by a jury on September 2, 2009 of the charges filed at 4502 C 2008. He was also sentenced at that case number o[n] December 22, 2009 to an aggregate sentence of 14 to 30 years incarceration consecutive to the sentence imposed at case number 1899 C 2008. He filed a direct appeal to the Superior Court of Pennsylvania, where his sentence was affirmed at both case numbers . . . . His subsequent Petition for Allowance of Appeal was denied on July 11, 2011.

As part of the sentencing Order of Court at 1899 C 200[8], the Commonwealth requested that "all contraband that was seized from [Appellant's] home and the computers be forfeited to or destroyed by the Greensburg Police Department." That request was granted by the court. [Appellant] did not object to this portion of the sentence at the time of sentencing. Although [Appellant] filed a direct appeal from the sentences imposed on December 22, 2009, he did not raise any challenge to the forfeiture and destruction provision contained in the 1899 C 200[8] Sentencing Order of Court. According to the Commonwealth, this contraband was, in fact, destroyed after the expiration of the appeals period. His instant Motion for Return of Property was filed on or about August 13, 2013.

Trial Court Order, 12/27/13, at 2–3 (footnotes and record citations omitted).

Appellant's Pa.R.Crim.P. 588 motion for return of property[2] hearing was held on September 26, 2013. In relevant part, the Rule reads:

---

[2]  Appellant requested return of the following items: 1) more than 1800 CDs/DVDs in binders; 2) two desktop computers with additional hard drives;

**Rule 588. Motion for Return of Property**

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa.R.Crim.P. Rule 588(A).

Although Rule 588 provides scant guidance on when the motion must be filed, the Commonwealth argued that Appellant waived his right to litigate his motion because he failed to timely challenge the portion of the sentencing order requesting the seizure and forfeiture of Appellant's items. Appellant countered that the then–recent decision in ***Commonwealth v. Allen***, 59 A.3d 677 (Pa. Cmwlth. 2012), established a six-year statute of limitations for filing Rule 588 motions for return of property, thereby rendering his motion timely. The trial court did not immediately rule on the motion; rather, it took the matter under advisement. N.T. Motion Hearing, 9/26/13 at 7.

On December 27, 2013, the trial court entered an order deferring ruling on Appellant's motion. Although the court initially posited that destruction of Appellant's property rendered the motion moot, it proceeded to analyze the jurisprudence relative to the timeliness issue. The trial court

_____

3) one multifunction printer; and 4) one flat screen computer display. N.T. Motion Hearing, 9/26/13, at 3–4.

recognized that the *en banc* Commonwealth Court panel in **Allen** declined to follow this Court's holding in **Commonwealth v. Setzer**, 392 A.2d 772, 773 n.4 (Pa. Super. 1978), that a motion for return of property should be made at or before the time of sentencing. **Allen**, 59 A.3d at 679. The Commonwealth Court disagreed that Pa.R.Crim.P. 324,[3] the precursor to Rule 588, mandated that motions for return of property should be treated as a post–trial or a post–sentencing motion. The **Allen** Court reasoned that "forfeiture proceedings and proceedings for the return of property 'are not criminal proceedings as such; instead, they are civil in form, but quasi-criminal in character.'" **Id**. (quoting **In re One 1988 Toyota Corolla**, 675 A.2d at 1290, 1295 (Pa. Cmwlth. 2012)) (internal quotation and quotation marks omitted). After reviewing various options, the Commonwealth Court decided that the residual six-year statute of limitations in 42 Pa.C.S.A. § 5527(b) should apply. **Allen**, 59 A.3d at 681. The Court further determined that "the six-year limitation period begins to run at the conclusion of the criminal case in the trial court, whether by conviction, acquittal or withdrawal of the charges; at the conclusion of any post-conviction proceedings or appeals; or at the conclusion of any collateral proceedings in federal court." **Id**.

---

[3] Rule 324 was renumbered as Pa.R.Crim.P. 588 on March 1, 2000 without substantive language change. Neither version of the rule specifically dictates when a motion for return of property must be filed. **Allen**, 59 A.3d at 679 n. 3.

While noting that the practical implications of the **Allen** decision "make destruction of seized property, including contraband, at any time a near impossibility," the trial court declined to rule on Appellant's motion because the **Allen** decision is currently under review by the Pennsylvania Supreme Court. Trial Court Order, 12/27/13, at 5 n.7.[4] It, therefore, took the matter under advisement pending the Supreme Court's disposition. **Id**. at 7–8.

Appellant filed an appeal from the trial court's order presenting the following question for review:

> Q. Did the lower court err in it's [sic] opinion that <u>Allen</u> was required for the review of the instant case, and by having non-contraband property destroyed?

Appellant's Brief at 6.[5]

---

[4] The specific question before the Supreme Court is: "Does a criminal defendant have no obligation to raise a return motion prior to the completion of proceedings before the trial court, but rather may wait six years from the completion of all criminal proceedings, including collateral attacks, to file a stand–alone motion?" **Commonwealth v. Allen**, 74 A.3d 121 (Pa. 2013).

[5] We note that *pro se* Appellant's brief does not conform to Pa.R.A.P 2111(b) and (d) in that he has failed to append either a copy of the trial court's Pa.R.A.P. 1925(a) opinion or Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Although this Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure, we decline to do so because the deficiencies in *pro se* Appellant's brief have not impeded our review. **See**, **e.g.**, **Commonwealth v. Adams**, 882 A.2d 496, 497–498 (Pa. Super. 2005) (court able to review sufficiency claim despite numerous defects in *pro se* Appellant's brief).

On April 8, 2014, the trial court issued its Rule 1925(a) statement opining that the order from which Appellant was seeking relief was not a final order from which an appeal would lie. The trial court explained:

[T]he Defendant's Motion for return of Property has been taken under advisement pending the Supreme Court's Decision in **Commonwealth v. Allen**, 40 EAP 2013 (Petition for Allowance of Appeal granted at 74 A.3d 121 (Pa. 2013)). Insofar as this order is not a final order, it is not ripe for appeal at this time. *Pa.R.A.P Rule 341*.

Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). A final order is any order that disposes of all claims and all parties, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination.

**Commonwealth v. Steckel**, 890 A.2d 410, 412 (Pa.Super.2005), *quoting* **In re N.B.**, 817 A.2d 530, 533 (Pa.Super.2003).

Trial Court Opinion, 4/8/14, at 1–2 (unnumbered). Finding that Appellant had neither sought permission to appeal the interlocutory order nor pursued an appeal of the interlocutory order by right, the trial court deemed that the order staying the motion for return of property proceeding was not ripe for appeal. **Id**.

The question of whether an order staying a proceeding constitutes a final order immediately appealable is a question of law. Therefore, our

scope of review is plenary. **Commonwealth v. Scarborough**, 64 A.3d 602, 607 (Pa. 2013).[6]

Orders staying proceedings to await termination of proceedings in another tribunal are generally considered interlocutory in nature, and therefore are appealable only if permitted by statute. **Reynolds Metals Company v. Berger**, 223 A.2d 855, 857 (Pa. 1966). The holding in **Reynolds**, however, is not absolute. In **Philco Corporation v. Sunstein**, 241 A.2d 108 (Pa. 1968), the Pennsylvania Supreme Court explained that, although an order issuing a stay is generally not appealable as of right:

> if the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

**Id**. at 109 (footnote omitted). **See also Washington v. FedEx Ground Package System, Inc.**, 995 A.2d 1271, 1275–1276 (Pa. Super. 2010) (quashing appeal of stay order when stay did not implicate loss of appellants' rights).

We agree with the trial court that the stay order under question is not properly before us. First, there is no statute that would render the order immediately appealable. Additionally, staying this matter until the Supreme Court's resolution of **Commonwealth v. Allen** is not tantamount to a

_____

[6] Neither party addressed the appealability of the order in their briefs.

permanent denial of relief, such that the ***Philco*** exception should apply. The ***Allen*** decision will determine if Appellant's motion was timely and will have no impact on the merits of the motion for return of property. Because the property has already been destroyed, Appellant is requesting reimbursement for the demolished items. His right to such a recovery, if found to be timely initiated and legally cognizable under Rule 588, will not be jeopardized while awaiting dispositive action by the Supreme Court. Indeed, the trial court represented that, if the Pennsylvania Supreme Court affirms ***Allen***, it will "schedule a hearing to determine whether [Appellant] would have been entitled to the return of his property had said property not been destroyed by the Greensburg Police Department and/or the Westmoreland County Detective Bureau." Trial Court Order, 12/27/13, at 6.

For the reasons set forth above, the December 27, 2013 order staying disposition of Appellant's Rule 588 motion is not an appealable order. Accordingly, this appeal must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2014

-8-