# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania  :
                                  :
             v.                   :
                                  :
2002 Honda Accord, $26,612.00 in  :
United States Currency,  :
(1) Dell Laptop, (6) Cell Phones,  :
(2) Gun Cases, (8) Various Rifles,  :
(5) Various Shotguns, (5) Various  :
Pistols, (2) Miscellaneous Magazines, :
Property of Gary Paul Kuehner  :
                                 : No. 385 C.D. 2016
Appeal of: Gary Paul Kuehner  : Submitted: January 13, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: February 7, 2017


        Gary Paul Kuehner (Kuehner) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) granting the Commonwealth of Pennsylvania's (Commonwealth) motion for forfeiture of Kuehner's 2002 Honda Accord, $26,612.00 in United States currency, a Dell laptop, six cell phones, two gun cases, eight rifles, five shotguns, five pistols, and miscellaneous magazines (forfeiture

motion) pursuant to the Controlled Substances Forfeiture Act (Forfeiture Act).[1]  For the reasons that follow, we affirm.

## I.

In January 2012, the Office of Attorney General (OAG) initiated a grand jury investigation into a group of individuals believed to be involved in trafficking crystal methamphetamine (meth) and marijuana within Lehigh and Northampton Counties.  Thomas Sedor, a Bureau of Narcotics Investigation Agent (Agent Sedor), was the lead investigator.  Wiretaps conducted throughout May and June 2012 yielded 9,490 intercepts, with 712 conversations considered pertinent to the drug investigation.  Kuehner's intercepted conversations showed that he had a residence in Bethlehem, two other residences in Allentown,[2] as well as statements that he had accumulated large amounts of money from his drug business.  Controlled buys were conducted at all three residences and evidence revealed that other individuals purchased drugs at two of the residences.  As a result of this investigation, Kuehner was identified as a supplier of "pounds of high grade marijuana and multi-ounce quantities of crystal methamphetamine."  (November 19, 2015 Hearing Transcript at 10-11.)

---

[1] 42 Pa.C.S. §§ 6801-6802.  The Forfeiture Act permits the forfeiture of money exchanged for drugs as well as money or various property used or intended to be used to facilitate any violation of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 – 780-144.

[2] The residences were located at 718 Lehigh Street, 331 South 16th Street, and 1126 Union Boulevard, the last of which was owned by Kuehner's mother.

On July 5, 2012, over 15 search warrants were executed throughout Lehigh and Northampton Counties in connection with the investigation, including all three residences associated with Kuehner. The South 16th Street residence was occupied at the time by Kuehner and his girlfriend, and a search yielded $9,500 cash in a living room closet, $10,000 cash hidden in a computer printer in a second floor bedroom, a number of firearms and cell phones, and a 2002 Honda Accord with key and key fob. At the Lehigh Street residence, investigators found $7,100 in cash as well as a number of firearms and a marijuana grinder. Marijuana and several firearms were found at the Union Boulevard residence.

Kuehner was then arrested and charged with 14 counts of possession with intent to deliver a controlled substance, two counts of corrupt organizations, criminal conspiracy to commit possession with intent to deliver, criminal use of a communication facility, and dealing in proceeds of unlawful activity. After his arrest, during an interview with Agent Sedor, he admitted that he and another individual supplied marijuana to one another. Kuehner also admitted that he was getting crystal meth "dirt cheap" and selling it for $5,600 an ounce from an individual from Las Vegas, who Kuehner admittedly picked up at the Philadelphia airport in his Honda Accord and drove to Lehigh County. Another individual during the investigation admitted to purchasing ounce-level quantities of crystal meth from Kuehner at his 16th Street home, and Kuehner admitted to delivering drugs as part of a controlled buy at that residence.

On September 3, 2013, the Commonwealth filed its forfeiture motion. In his response, Kuehner asked the trial court to defer a hearing on the forfeiture motion pending final adjudication of his criminal case, and the trial court granted his

request.  On October 24, 2014, Kuehner pleaded guilty to one count of possession with intent to deliver a controlled substance, corrupt organizations, and criminal conspiracy, and he was sentenced to an aggregate term of five to ten years imprisonment.

The trial court conducted an evidentiary hearing on the forfeiture motion on November 19, 2015, and February 12, 2016.  The Commonwealth presented the testimony of Agent Sedor, who testified to the above-recited events as well as testifying that at all times relevant to the investigation, Kuehner was unemployed.

Kuehner testified that all of the money seized during the searches of his residences was legally obtained.  Kuehner received approximately $8,000 from the sale of his corner store in 2010 and approximately $5,000 from the liquidation of equipment contained within the store.  He further testified that he received a check for $16,700 from the Lehigh County Court of Common Pleas in 2010 related to a separate criminal case, and that some of the money seized from the three residences was income from contracting work he did under-the-table.  Kuehner failed to provide the trial court with any documentation to substantiate these claims.  During the hearing, Kuehner admitted to transporting his Las Vegas crystal meth supplier from the Philadelphia airport to Lehigh County in his Honda Accord.  Kuehner also testified that he did not commit the crimes to which he pled guilty.[3]

---

[3] During the hearing, Kuehner stated that he was not contesting any property seized from the 1126 Union Boulevard residence because the property therein belonged to his mother.  Kuehner also stated that the Dell laptop did not belong to him but was the property of his girlfriend.  As such, the trial court held that Kuehner lacked standing to challenge the forfeiture motion with respect to the laptop.

Granting the Commonwealth's forfeiture motion, the trial court explained that the Commonwealth had established a sufficient nexus between the illegal drug activity conducted by Kuehner and all of the seized property. The trial court found Kuehner's testimony not to be credible. Specifically, with respect to the money seized, the trial court determined that Kuehner failed to establish that he owned the money, lawfully acquired it, and it was not unlawfully used or possessed by him. This appeal followed.[4]

## II.

## A.

Kuehner first argues that the forfeiture motion is barred by the statute of limitations and the doctrine of laches. The statute of limitations for a forfeiture action is two years from the date the property is seized. *Commonwealth v. Allen*, 59 A.3d 677, 680 (Pa. Cmwlth. 2012), *aff'd* 107 A.3d 709 (Pa. 2014) (citing 42 Pa. C.S. § 5524(5)). Here, the Commonwealth filed its forfeiture motion on September 3, 2013, well within two years of July 5, 2012, when Kuehner's property was seized.

Kuehner also contends that the delay in filing the forfeiture motion should be barred under the doctrine of laches because it was not filed until approximately 14 months after the seizure of the property and the forfeiture proceedings were delayed until after he entered his guilty plea. "In order to establish laches, a defendant must establish (1) a delay arising from the complaining party's

---

[4] Our review of a forfeiture proceeding is limited to whether the trial court abused its discretion or committed an error of law, and whether findings of fact are supported by substantial evidence. *Commonwealth v. Black 2009 Ford Mustang*, 125 A.3d 493, 496 n.7 (Pa. Cmwlth. 2015).

failure to exercise due diligence and (2) prejudice to the defendant resulting from the delay." *White v. Township of Upper St. Clair*, 968 A.2d 806, 811 (Pa. Cmwlth. 2009) (citing *Stilp v. Hafer*, 718 A.2d 290 (Pa. 1998)). Even if this doctrine remotely had any application when a forfeiture motion is filed within the statute of limitations, and ignoring his failure to explain how the delayed hearing caused him any prejudice, his laches argument still fails because it was Kuehner who requested that the trial court stay the forfeiture proceedings pending the outcome of his criminal charges and he cannot now complain about that delay.

**B.**

Kuehner also argues that the trial court erred in granting the forfeiture motion because the Commonwealth failed to meet its burden of establishing a nexus between the property seized and Kuehner's illegal drug activity. To meet its burden, the Commonwealth must establish by a preponderance of the evidence[5] that a nexus exists between the property seized and the unlawful activity. *Commonwealth v. $6,425.00 Seized from Esquilin (Esquilin)*, 880 A.2d 523, 529 (Pa. 2005) (citations omitted). The Commonwealth is not required to produce evidence directly linking the seized property to illegal activity to satisfy its burden. *Id.* at 529-30; *Commonwealth v. McJett*, 881 A.2d 104, 110 (Pa. Cmwlth. 2002). "Although illegal drugs are often present at the time of seizure, there is no requirement that such drugs be present; instead, circumstantial evidence may suffice to establish a party's involvement in drug activity." *Esquilin*, 880 A.2d at 530 (citing *McJett*, 881 A.2d at 110). If the Commonwealth sustains its burden of establishing a nexus, the burden

---

[5] "Preponderance of the evidence is tantamount to a 'more likely than not' standard." *Commonwealth v. McJett*, 881 A.2d 104, 110 (Pa. Cmwlth. 2002) (citations omitted).

then shifts to the property owner to either disprove the Commonwealth's case or establish a statutory defense to avoid forfeiture. *Commonwealth v. $26,556.00 Seized from Christopher Polidoro*, 672 A.2d 389, 392 (Pa. Cmwlth. 1996).[6]

As the trial court found, the Commonwealth met its burden of establishing that the items seized from Kuehner's three residences were used in drug trafficking operations or were the proceeds of such operations. First and foremost, Kuehner entered a guilty plea to possession with intent to deliver a controlled substance, corrupt organizations, and criminal conspiracy. Moreover, Agent Sedor's testimony established that Kuehner admitted that he and another individual supplied marijuana to one another; admitted that he purchased and sold crystal meth; and admitted to picking up his co-defendant and crystal meth supplier from the Philadelphia airport and driving him to Lehigh County in his Honda Accord. That testimony also showed Kuehner made statements in the wiretaps that he received large sums of money due to his drug trafficking activities and that controlled drug buys were made at all three residences.

While Kuehner attempted to prove that the property forfeited was not from drug transactions, the trial court found his explanation as to how he had come into possession of the property not credible. He did not provide any documentation or other evidence to support his claim that the large sums of cash found in his three residences was lawfully acquired, and even if he had proof that he received a check

---

[6] To discharge this burden, the individual must establish that (1) he owned the property; (2) he lawfully acquired the property; and (3) the property was not unlawfully used or possessed by him. *See* 42 Pa. C.S. § 6802(j); *Esquilin*, 880 A.2d at 530.

for $16,700 from the Lehigh County Court of Common Pleas in 2010, that was two years prior to the seizure and too remote in time to support his argument.[7]

Given all of the above, it was reasonable for the trial court to find that the large quantities of cash secreted in various places throughout Kuehner's residences, as well as the firearms, cell phone and the vehicle were used in or related to the drug trade. Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[7] Kuehner attempts to raise, for the first time, a number of additional issues in his brief, including a violation of due process, denial of his request to transfer the seized firearms to his mother, and his claim that the forfeiture ruling improperly changed the terms of his plea agreement. Because these issues were not properly raised before the trial court, they have been waived. *See* Pa.R.A.P. 302(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| 2002 Honda Accord, $26,612.00 in | : | |
| United States Currency, | : | |
| (1) Dell Laptop, (6) Cell Phones, | : | |
| (2) Gun Cases, (8) Various Rifles, | : | |
| (5) Various Shotguns, (5) Various | : | |
| Pistols, (2) Miscellaneous Magazines, | : | |
| Property of Gary Paul Kuehner | : | |
| | : | |
| Appeal of:  Gary Paul Kuehner | : | No. 385 C.D. 2016 |

# **O R D E R**

AND NOW, this 7th day of <u>February</u>, 2017, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge