J-S01016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: TORREY FREDERICK | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 976 MDA 2017 |

Appeal from the Order Entered June 9, 2017
In the Court of Common Pleas of Centre County Civil Division at No(s):
17-0006

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 09, 2018**

The Commonwealth appeals from the trial court's order granting the petition for return of property filed by Appellee, Torrey Frederick ("Frederick").  Upon review, we transfer the appeal to the Commonwealth Court.

On January 31, 2017, Frederick filed a petition for return of property in which he sought the return of firearms conveyed by gift to him by Hobson McKown ("McKown") via a "Bill of Sale" dated May 1, 2014.  At the time McKown conveyed the firearms to Frederick, they were in the possession of the Centre County Sheriff.  McKown is presently prohibited from possessing or controlling firearms due to his conviction for possessing a firearm without license, and surrendered the firearms to the Centre County Sheriff following his arrest for that crime.

On February 14, 2017, the Commonwealth responded by filing an answer and new matter "In the Nature of a Petition for Forfeiture and Condemnation[.]" Answer and New Matter, 2/14/2017. On June 10, 2017, the trial court granted Frederick's petition and ordered the Centre County Sheriff's Office to transfer the firearms to Frederick.

The Commonwealth appealed to this Court arguing that because **McKown** never filed a timely petition for the return of the firearms, Frederick, standing in McKown's shoes, waived his right to request the return of the property. In so arguing, the Commonwealth relies on ***Commonwealth v. Allen***, 107 A.3d 709 (Pa. 2014), an appeal from a Commonwealth Court decision involving a motion for return of property.

This matter involves both a petition for return of property (filed by Frederick) and a petition for forfeiture (filed by the Commonwealth). The Commonwealth Court has explained that these types of actions, although "quasi-criminal in character," are civil proceedings. ***Commonwealth v. Allen***, 59 A.3d 677, 679 (Pa. Cmwlth. 2012), ***aff'd but criticized***, 107 A.3d 709 (Pa. 2014). As such, this appeal implicates claims within the jurisdiction of the Commonwealth Court. ***See In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa. License TPV 291***, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996) (holding that the Commonwealth Court has the authority to hear appeals from orders disposing of motions for the return of property); ***see also*** 42 Pa.C.S.A. § 762(a)(1) (stating that the Commonwealth Court

has jurisdiction over appeals from a civil action commenced by the Commonwealth).

Notably, the Commonwealth Court has routinely reviewed decisions involving petitions for the return of property and petitions for forfeiture over the last twenty-five years. *See, e.g.*, *Allen*, 59 A.3d at 678; *Commonwealth v. Perez*, 941 A.2d 778 (Pa. Cmwlth. 2008); *Commonwealth v. Three Hundred Ten Thousand Twenty Dollars*, 894 A.2d 154 (Pa. Cmwlth. 2006); *In re One 1988 Toyota*, 675 A.2d 1290. Moreover, as noted above, the case relied upon by the Commonwealth is an appeal from a Commonwealth Court decision. Accordingly, we transfer this appeal to the Commonwealth Court. *See* Pa.R.A.P. 752(a).[1]

Case transferred to the Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2018

---

[1] "The Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion." Pa.R.A.P. 752(a).