J-S46021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JERMAINE GRANT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: JERMAINE GRANT | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1686 EDA 2019 |

Appeal from the Order Dated June 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-MD-0007198-2018

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY SHOGAN, J.:                     Filed: March 11, 2021

Appellant, Jermaine Grant, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County on June 4, 2019, denying his motion for return of property.  Because jurisdiction properly lies with the Commonwealth Court of Pennsylvania, we transfer this appeal.

On October 9, 2018, Appellant filed a motion for return of property requesting the return of $2,180.00 that was seized as evidence at the time of his arrest on May 16, 2013.  Motion, 10/9/18.  On October 23, 2014, Appellant was acquitted of the narcotics charges related to the arrest.  Trial Court Opinion, 10/29/19, at 1.  On March 5, 2019, the Commonwealth filed a motion to dismiss Appellant's request.  The trial court denied Appellant's motion on June 4, 2019.  In reaching its determination, the trial court relied upon **Commonwealth v. Allen**, 107 A.3d 709 (Pa. 2014) ("**Allen II**"), an appeal

from a Commonwealth Court decision involving a motion for return of property. Appellant filed this timely appeal from the trial court's decision.

Prior to addressing this appeal, we consider whether the Commonwealth Court has jurisdiction over this matter. *See Blount v. Philadelphia Parking Authority*, 965 A.2d 226, 229 (Pa. 2009) (stating that a reviewing court may raise the issue of whether the court has subject matter jurisdiction over an action *sua sponte*). The Commonwealth Court has explained that actions involving a petition for return of property, although "quasi-criminal in character," are civil proceedings. *Commonwealth v. Allen*, 59 A.3d 677, 679 (Pa. Cmwlth. 2012) ("*Allen I*"), *aff'd but criticized*, 107 A.3d 709 (Pa. 2014).[1] As such, this appeal implicates claims within the jurisdiction of the Commonwealth Court. *See In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa. License TPV 291*, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996) (holding that the Commonwealth Court has the authority to hear appeals from orders disposing of motions for the return of property).

The Commonwealth Court routinely reviews decisions involving petitions for the return of property. *See Allen I*, 59 A.3d 677 (affirming dismissal of

---

[1] We note that in *Allen II*, our Supreme Court criticized *Allen I*, holding that the Commonwealth Court erred by relying "on a statute of limitations analysis to resolve the timeliness" of the motion filed by the appellant, concluding instead that the "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges result[ed] in waiver, precluding review of his stand-alone return petition." *Allen II*, 107 A.3d 709, 718.

motion for return of property); **Commonwealth v. Perez**, 941 A.2d 778 (Pa. Cmwlth. 2008) (affirming denial of a motion for the return of seized property); **In re One 1988 Toyota**, 675 A.2d 1290 (affirming the denial of the appellant's motion to return an automobile and granting the Commonwealth's petition to have the automobile forfeited as derivative contraband). As noted above, our Supreme Court's decision in **Allen II**, 107 A.3d 709, the case relied upon by the trial court in reaching the instant determination, is an appeal from a Commonwealth Court decision. As we have long stated, "[W]e should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." **Lara, Inc., v. Dorney Park Coaster Co., Inc.**, 534 A.2d 1062, 1066 (Pa. Super. 1987). Hence, we conclude that jurisdiction properly lies with our sister court, and we transfer this appeal to the Commonwealth Court. Pa.R.A.P. 752(a).[2]

Appeal transferred to Commonwealth Court. Jurisdiction relinquished.

---

[2] "The Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion." Pa.R.A.P. 752(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/21