392 A.2d 772

COMMONWEALTH of Pennsylvania

v.

Vernon SETZER, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

R. Anthony Toto, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Vernon Setzer, contends that the lower court erred in denying his application for the return of money confiscated from his person at the time of arrest. We

conclude, however, that this issue has been waived and, therefore, affirm.

On June 27, 1973, appellant was arrested and charged with conspiracy,[1] and possession[2] and possession with intent to deliver[3] a controlled substance. Earlier that same day, a Philadelphia police officer—operating undercover—approached one Charles Blackwell and informed him that he wanted to purchase heroin. Blackwell then led the officer to appellant's residence where the officer gave Blackwell a $20.00 bill the serial number of which had previously been recorded. Blackwell in turn gave the $20.00 bill to appellant who then handed back four dollars in change and two packets of heroin. Shortly thereafter, the partner of the undercover officer proceeded to appellant's residence and placed him under arrest. A search of appellant's person incident to the arrest resulted in the confiscation of the recorded $20.00 bill and an additional $77.00 in currency.

On August 19, 1974, following a non-jury trial, appellant was convicted on all counts. Although advised of the necessity of filing post-trial motions to preserve issues for appeal, appellant failed to file said motions. On October 24, 1974, appellant was sentenced to concurrent terms of imprisonment of six months to two years, to run concurrently with his sentence on another unrelated conviction. Appellant at that time appealed to this court contending that (1) his trial counsel was ineffective for failing to file post-trial motions; (2) the trial evidence was insufficient; and (3) there was a conflict of interest at trial because the Defender Association represented both he and his co-defendant. We concluded that the latter two contentions had been waived, and that the ineffective assistance of counsel claim should be raised in

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 903.

2. The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P.L. 233, No. 64, § 13; as amended October 26, 1972, P.L. 1048, No. 263, § 1; December 30, 1974, P.L. 1041, No. 340, § 1; 35 P.S. § 780–113(a)(16).

3. Act of April 14, 1972, supra; 35 P.S. § 780–113(a)(30).

PCHA proceedings. See *Commonwealth v. Setzer,* 242 Pa. Super. 618, 360 A.2d 640 (1976).

On June 24, 1976, almost two years after his conviction, appellant filed for the first time an application in the lower court seeking return of the $77.00 that had been confiscated from him along with the recorded $20.00 bill at the time of his arrest. The instant appeal is from the lower court's order of September 20, 1976, denying appellant's petition for return of the $77.00 We are of the opinion that this issue must be deemed waived by reason of appellant's failure to raise it in either post-verdict motions following his conviction, or at the time he was sentenced.

Rule 324 of the Pennsylvania Rules of Criminal Procedure states as follows:

"(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this Rule."

Although Rule 324 does not provide at what point in time a motion for return of property is to be made, "[i]t is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding." *Commonwealth v. Romberger,* 474 Pa. 190, 196, 378 A.2d 283, 286 (1977), citing cases. As previously noted, the question of return of the $77.00 was never raised by appellant at the time of his 1974 trial on the charges which precipitated the confiscation of this money. We per-

ceive no reason why this issue would not have been cognizable in the lower court at that time [4] and, thus, reviewable on appellant's first appeal to this Court. Since we would have been precluded from addressing this issue on appellant's initial appeal because it was not first raised in the lower court at the time of his trial, we certainly cannot now consider it at this late date.

Order affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

</div>

[4.] It is our view that an issue of this nature is most properly raised in conjunction with post-trial motions or, at the latest, when sentence is imposed. Indeed, Rule 324(c) contemplates situations when this issue may be joined with a pre-trial motion to suppress under Rule 323. In any event, we find it clear that practical considerations dictate that this issue be deemed waived when, as in the instant case, it is not raised until almost two years after disposition of the charges which gave rise to the confiscation of the property.