J-S54005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERRY ALLAN LAVERDE, ANDRE MICHAEL NESTOR, | |
| Appellants | No. 1094 WDA 2015 |

Appeal from the Order Entered June 23, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s):
CP-63-CR-0002433-2009
CP-63-CR-0002437-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERRY ALLAN LAVERDE, ANDRE MICHAEL NESTOR, | |
| Appellants | No. 1095 WDA 2015 |

Appeal from the Order Entered June 23, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s):
CP-63-CR-0002433-2009
CP-63-CR-0002437-2009

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 09, 2016**

Appellants, Kerry Allan LaVerde and Andre Michael Nestor, each appeal from the trial court's June 23, 2015 identical orders denying their "Motion for Release of Property," in which Appellants sought return of $429,000 that was jointly owned by them, and which had been seized following their arrests for theft-related offenses committed against Meadows Racetrack and Casino.[1] That money was later forfeited by LaVerde on January 3, 2011, in order to satisfy a sentence of restitution imposed after he pled guilty to three counts of receiving stolen property. After careful review, we affirm.

Briefly, Appellants argue on appeal that the trial court should have granted their "Motion for Release of Property," or at least conducted a hearing on that motion, because LaVerde could not have "permissibly agree[d] to forfeit" money that was jointly owned by Nestor. They also contend that LaVerde's sentence of restitution "is now and always was illegal[,]" and "Nestor's [d]ue [p]rocess rights were violated when he was not ever provided notice and an opportunity to be heard and present his innocent owner defense to the forfeiture of the monies." Appellants' Brief at 9.

We have reviewed the certified records, the briefs of the parties, and the applicable law. We have also examined the well-reasoned opinion by the Honorable John F. DiSalle of the Court of Common Pleas of Washington

---

[1] This Court *sua sponte* consolidated LaVerde's and Nestor's appeals by *per curiam* order dated September 18, 2015.

County. Therein, Judge DiSalle concisely sets forth the rather complex procedural history underlying this appeal. He then deftly addresses the issues raised by Appellants herein, discussing several, equally reasonable bases for denying Appellants' "Motion for Release of Property." **See** Trial Court Opinion (TCO), 2/5/16, at 5-9 (concluding that the motion was "untimely as to all issues presented, there [were] no genuine issues of fact, and the issues are moot"). We find especially compelling Judge DiSalle's conclusion that Appellants' motion is untimely. **See id.** at 5-6, 7-9. Notably, Appellants offer no argument in their brief to this Court to challenge Judge DiSalle's determination in this regard. Accordingly, Appellants' have failed to demonstrate any error in Judge DiSalle's decision denying their "Motion for Release of Property." Therefore, we adopt Judge DiSalle's opinion as our own and affirm the court's June 23, 2015 order for the reasons set forth therein.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF )
PENNSYLVANIA, )
 )
 )
vs. ) No. 2433-2009
 ) 2437-2009
 )
KERRY ALLAN LAVERDE, )
 Defendant )
ANDRE MICHAEL NESTOR, )
 Defendant )

## OPINION OF COURT

This matter comes before the Court upon Defendants' direct appeal from the trial court's

Order dated June 23, 2015, denying Defendants' Motion for Release of Property. The motion,

dated April 10, 2015[1], asserted that $429,945 seized by the Commonwealth and forfeited in the

case was done so without authority and that the money should be returned to Defendants. The

motion was denied by the trial court on June 23, 2015.

## Factual and Procedural History

Defendants Kerry LaVerde (hereinafter "LaVerde") and Andre Nestor (hereinafter

"Nestor")[2] were arrested on October 6, 2009, on numerous Theft offenses under 18 Pa C.S. §

3921, 18 Pa.C.S. § 3922, 18 Pa C.S. § 3924, 18 Pa C.S. § 3925; offenses on Dealing in Proceeds

of Unlawful Activity under 18 Pa C.S. § 5111; computer offenses under 18 Pa C.S. § 7611 and

18 Pa C.S. § 7615; and Criminal Conspiracy under 18 Pa.C.S. § 903. The charges arose out of

incidents involving the misuse of video poker machines at the Meadows Racetrack and Casino.[3]

Defendants, along with a third co-conspirator, were charged with deliberately exploiting a

---

[1] Defendants' Motion for Release of appears to have been presented on April 10, 2015, but was never filed or made part of the official record for review by the Superior Court.
[2] LaVerde and Nestor will hereinafter, when being referenced jointly, be referred to as "Defendants."
[3] LaVerde docket entry 7; Nestor docket entry 8.

1

programming error in a video poker machine, utilizing a complex series of button strokes and screen changes to force the machine to register an illegitimate jackpot on the screen without ever entering a valid wager.[4] The actors, over a fifteen (15) day period, each cashed in different jackpot slips at different times, with the fraudulent jackpots ultimately totaling $429,945.[5]

After Defendants were arrested, the Pennsylvania State Police obtained search warrants for Defendants' various financial accounts and for Defendants' residence. Approximately $429,000 was seized from two bank safe/strong boxes held jointly in Defendants' names, and $8,740.00 in cash and a 2009 Nissan Rogue (VIN: JN8AS58VX9W450247) were seized from Defendants' shared residence.[6]

On January 3, 2011, LaVerde entered a negotiated guilty plea to three counts of Receiving Stolen Property[7], Misdemeanors of the First Degree, for which he received a sentence of (3) years of probation and was ordered to pay restitution in the amount of $429,945.00 to the Meadows Racetrack and Casino.[8] Thereafter, on February 11, 2011, the trial court granted the Commonwealth's Motion for Nolle Prosse of Nestor's charges in consideration of the pending prosecution against Nestor in the United States District Court for the District of Nevada and in consideration of an agreement reached between the Commonwealth and the Office of the United States Attorney.[9]

At the time LaVerde entered his plea, he and his counsel agreed, and thus it was set forth in his Order of Sentence, that LaVerde would forfeit (1) all monies seized titled in his name through search warrants issued in the case from all bank accounts, safety deposit boxes, and lock

---

[4] LaVerde docket entry 6; Nestor docket entry 6.
[5] *Id.*
[6] *See* LaVerde docket entry 22; Nestor docket entry 24.
[7] 18 Pa.C.S. § 3925.
[8] LaVerde docket entry 18.
[9] Nestor docket entry 22. Nestor was being charged with violations of federal law based on similar actions in Las Vegas, Nevada, and the United States Attorney's Office requested that the Commonwealth's charges be withdrawn so that Nestor's conduct in this case could be used against him in any potential sentencing in his federal case.

2

boxes specifically including those at Citizen's Bank and PNC Banks; (2) cash seized from his home; and (3) the 2009 Nissan Rogue vehicle titled in his name. It was further agreed to and ordered by the lower court that all monies and property seized shall be forfeited and shall remain frozen until further Order of Court.[10] No written forfeiture petition was filed as the forfeiture by consent and agreement was ordered as part of LaVerde's sentencing. No post-sentencing motion or direct or collateral appeal was filed on behalf of LaVerde following his sentencing.

The Commonwealth filed a Petition to Unfreeze Assets for Victim Restitution, dated February 11, 2011 and Filed February 14, 2011, requesting that the forfeited $429,945 be unfrozen and repaid to the victim, which the court granted the same day, directing that the Pennsylvania State Police make the funds available to the Meadows Racetrack and Casino.[11]

Nestor's Federal charges were ultimately dismissed on November 25, 2013. LaVerde completed his sentence of probation January 3, 2014, and at that time, all cases against both LaVerde and Nestor were completely closed.

On September 24, 2014, Defendants filed a Motion for Release of Property, seeking to have a Rule issued on the Commonwealth to show why the Defendant's Petition should not be granted.[12] The Petition purportedly sought the return/release of $8,740.00 in cash and a 2009 Nissan Rogue (VIN: JN8AS58VX9W450247) seized from Defendants' residence.[13] Defendants additionally sought to have their PNC Bank and Citizens Bank accounts unfrozen.[14] Defendants reached a settlement with the Attorney General's office on that motion, and a consent order was entered on January 28, 2015, wherein Defendants agreed to forfeit an additional $10,164 that was seized in the case, and the Commonwealth agreed to release the Nissan Rogue and the

---

[10] LaVerde docket entry 18.
[11] LaVerde docket entry 19.
[12] LaVerde docket entry 22; Nestor docket entry 24.
[13] Id.
[14] Id.

personal bank accounts back to Defendants.[15]

Defendants later presented a new Motion for Release of Property dated April 10, 2015, seeking return of the $429,925, which is the subject of the instant appeal.[16]

On May 18, 2015, the trial court issued a Rule upon the Commonwealth to show cause, if any, why a hearing should not be granted on the motion, returnable for June 23, 2015.[17] The Commonwealth filed its response to the Motion and the Rule on June 11, 2015.[18] A hearing on the Rule was held on June 23, 2015, after which the trial court denied Defendants' Motion for Release of Property.[19]

On July 16, 2015, Defendants filed a timely appeal to the Superior Court of Pennsylvania.[20] By order dated August 19, 2015, the trial Court directed Defendants to file a Concise Statement of the Matters Complained of on Appeal within twenty-one (21) days of the entry of that Order pursuant to Pa. R.A.P. 1925(b).[21] Defendants filed a Concise Statement of Matters Complained of on Appeal 1925(b) on August 31, 2015, along with a Petition for Extension of Time of (30) days from receipt of transcripts to answer the Court's 1925(b) Order.[22] The Concise Statement listed the following three (3) "issues"[23]:

1. The Trial Court erred and/or abused its discretion in denying the Defendant/Appellants; Motion to for [sic] Return of Property.

2. The Trial Court erred and/or abused its discretion in denying the Defendants/Appellants' [sic] a hearing on their Motion for Return of Property.

---

[15] LaVerde docket entry 25; Nestor docket entry 28.
[16] As noted above, it appears that this motion was never filed, and is not part of the official record for review by the Superior Court.
[17] LaVerde docket entry 28; Nestor docket entry 30.
[18] LaVerde docket entry 29; Nestor docket entry 31.
[19] LaVerde docket entry 30; Nestor docket entry 32.
[20] LaVerde docket entry 31; Nestor docket entry 33.
[21] LaVerde docket entry 35; Nestor docket entry 37.
[22] LaVerde docket entry 36, 37; Nestor docket entry 38, 39.
[23] Defendants' third "issue" appears to be a statement regarding the concurrently filed Petition for Extension of Time, rather than an assignment of error or an issue for consideration on appeal.

3. The Defendants/Appellants' [sic] are filing concurrently with the filing of the within 1925(b) Statement a Petition for Extension of Time relative to the Court's 1925(b) Order due to the fact that, although this Court's Order was docketed on August 20, 2015, the undersigned hereby affirms that same was not received until August 28, 2015 at 11:00 a.m. Accordingly, the Defendant's [sic] reserve the right to Amend the within 1925(b) Statement upon receiving the transcripts requested relative to the Motion for Return of Property proceeding that took place on June 23, 2015.[24]

By Order dated September 4, 2015, the trial court granted Defendants' aforementioned extension, and gave Defendants until (30) days after the receipt of the transcripts to file their 1925(b) statement. The official transcript of the proceedings was filed on September 4, 2015. Defendants filed no supplements or amendments to their Concise Statement after the extension was granted.

## Opinion

Defendants' motion contains two separate issues, one being the actual "Motion for Release of Property," and the other being a "Motion to Open Judgment/Strike Order of Restitution." The trial court asserts that it did not err in denying the motion without a hearing, as the motion is untimely as to all issues presented, there are no genuine issues of fact, and the issues are moot. The court will address the two parts of the motion separately below.

The first part of the motion is Defendants' "Motion for Release of Property." The trial court asserts that this motion is untimely, that the issue is moot, and that it did not err in denying the motion.

A Motion for Return of Property is governed by Rule 588 of the Rules of Criminal Procedure, but the Rule does not explicitly provide any guidance as to timing or deadlines for the filing of such a motion.[25] However, the Supreme Court of Pennsylvania has held, regarding the timing of such a motion, that "a return motion is timely when it is filed by an accused in the trial

---

[24] Defendants' Concise Statement of Matters Complained of on Appeal, filed August 31, 2015.
[25] *See* Pa. R.Crim.P. 588.

5

court while that court retains jurisdiction, which is up to thirty days after disposition."[26] Courts have also held, regarding timeliness of raising an issue, that "[i]t is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding."[27]

In the present case, Defendant LaVerde entered his guilty plea and was sentenced on January 3, 2011, Defendant Nestor's state charges were nolle prossed on February 11, 2011, Defendant Nestor's Federal charges were dismissed on November 25, 2013, and Defendant LaVerde completed his three year sentence of probation on or about January 3, 2014. The instant motion was presented April 10, 2015 – over four (4) years after LaVerde's judgment of sentence and the grant of nolle prosse in Nestor's state case, nearly one and a half (1 1/2) years after the dismissal of Nestor's Federal charges, and over one (1) year and three (3) months after the completion of LaVerde's sentence. At no time during any of the prior proceedings did either LaVerde or Nestor raise any of the claims made in the instant motion, or move for the release of the $429,945. As in *Commonwealth v. Allen*, the trial court here had no jurisdiction in the matter after thirty (30) days following the disposition of the case(s).[28] As such, the trial court had divested jurisdiction over both cases on or about March 9, 2011 – over four (4) years prior to the presentation of the instant motion. The motion is therefore untimely, and the court did not err in denying the motion without a hearing.

Even if the Superior Court were to disregard the untimeliness of the motion and consider its merits, the trial court asserts that the issue presented is moot, and thus it did not err in denying

---

[26] *Commonwealth v. Allen*, 107 A.3d 709, 716-717 (Pa. 2014) (citing 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind an order within thirty days of its entry, if no appeal has been taken)).
[27] *Commonwealth v. Romberger*, 474 Pa. 190, 196, 378 A.2d 283, 286 (1977). *See also Commonwealth v. Setzer*, 258 Pa. Super 236, 392 A.2d 772 (1978); *Commonwealth v. One 1990 Dodge Ram Van*, 751 A.2d 1235 (Pa. Cmmw. 2000).
[28] *Commonwealth v. Allen, supra.*

the motion without a hearing.

The Commonwealth Court has repeatedly held that "where the Commonwealth is no longer in possession of property, a petition filed for the return of that property is moot."[29] The funds in question were U.S. currency seized from bank safe deposit boxes owned jointly by Defendants LaVerde and Nestor. LaVerde, as one of the owners agreed to forfeit the $429,945 as the restitution portion of his negotiated plea agreement on January 3, 2011. The money was then, on February 11, 2011, ordered to be released to the Pennsylvania State Police to be made available to the Meadows Racetrack and Casino, the victim, as restitution. As the money has not been in the possession of the Commonwealth since early in 2011, the issue, as stated above, is moot.

Nestor claims in the motion that the money belongs to him, rather than to LaVerde, and citing *Commonwealth v. 2010 Buick Enclave*,[30] contends that the money could not be legally forfeited as he was never convicted of any crime in the matter. However, the facts remain that LaVerde was a joint owner of the safe deposit box from which the money was seized, LaVerde was convicted via a guilty plea of several crimes, and LaVerde agreed to forfeit the money as part of his negotiated plea agreement. Nestor's contention that the money belonged to him and not to LaVerde, and that LaVerde lacked the authority to forfeit the money appears to be an issue more properly raised in tort as a civil conversion claim against LaVerde, rather than here in the instant motion. Therefore, the court did not err in denying Defendants' motion without a hearing.

The second part of the motion is Defendants' "Motion to Open Judgment/Strike Order of Restitution." The trial court asserts that the motion is untimely, the issue is waived, and that the

---

[29] *Commonwealth v. Matsinger*, 68 A.3d 2013 (Pa. Cmmw. 2013). *See also Commonwealth v. One 1978 Lincoln Mark V*, 52 Pa. Cmwlth. 353, 415 A.2d 1000 (1980).

[30] *Commonwealth v. 2010 Buick Enclave*, 99 A.3d 163 (Pa. Cmmw. 2014) (holding that items cannot be forfeited absent a conviction).

court did not err in denying the motion without a hearing.

Defendants assert that the issue regarding the order of restitution is a question of sentence legality. While Defendants are correct in their assertion that entering a guilty plea does not in itself waive subsequent challenges to the legality of a sentence, timeliness requirements for filing still apply. Different timeliness requirements exist for filings depending on the nature of the proceedings. Post-sentence motions to modify a sentence must be filed within ten (10) days of the imposition of sentence,[31] direct appeals from a judgment of sentence must be filed within thirty (30) days of the imposition of sentence,[32] and a Post Conviction Relief Act ("PCRA") petition challenging the legality of sentence must be filed within one (1) year of the date the judgment becomes final.[33] When a legality of sentence issue is raised, courts have given defendants the benefit of considering untimely motions and appeals as PCRA petitions when those challenges still fall within the timeliness provisions of the PCRA statute.[34] However, the Supreme Court of Pennsylvania has held that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."[35] The Supreme Court also held that these time limitations are jurisdictional in nature, and that "a court has no authority to extend filing periods except as the statute permits."[36] In addition to its timeliness requirements, the PCRA statute requires that for one to be eligible for relief, that the petitioner be "currently serving a sentence of imprisonment, probation or parole for the crime[.]"[37]

Here, as Nestor received no sentence in his case, the court assumes that the legality of

---

[31] Pa. R.Crim.P. 720(A)(1).
[32] Pa. R.Crim.P. 720(A)(3).
[33] 42 Pa.C.S. § 9545(b)(1).
[34] *See Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. 2000); *Commonwealth v. Hockenberry*, 455 Pa. Super. 626, 689 A.2d 626 (1997).
[35] *Commonwealth v. Fahy*, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).
[36] *Id.* at 328-329.
[37] 42 Pa.C.S. § 9543(a)(1)(i).

8

LaVerde's sentence is that which is being challenged. As stated above, however, the instant motion was not presented for more than four (4) years after LaVerde's judgment of sentence. As no appeal from that judgment was filed, LaVerde's judgment of sentence became final on or about February 2, 2011. The instant petition was presented April 10, 2015, well after the ten (10) days allowed for a post-sentence motion, the thirty (30) days allowed for a direct appeal, and even the one (1) year allowed for a PCRA petition. As LaVerde offers no justification, and since no exception to the timeliness requirements exists in the case, the motion is untimely, the trial court no longer has jurisdiction over the case, and the court did not err in denying the motion without a hearing. Additionally, even had LaVerde asserted a reason that such an exception existed in this case, as stated above, he completed his sentence on or about January 3, 2014, one (1) year and three (3) months prior to the presentation of this motion. Because he was no longer serving any sentence, no remedy under the PCRA was available to him at the time the motion was presented.[38]

Accordingly, the trial Court submits that Defendant's appeal should be quashed and dismissed, and that the trial court's order dated June 23, 2015 should be affirmed.

BY THE COURT:

Date: 2/5/16

_____,J.
John F. DiSalle, Judge

---

[38] *See id.*

9