J-S37005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEVICK LINTON, | : | |
| | : | |
| Appellant | : | No. 3962 EDA 2017 |

Appeal from the Order Entered November 17, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005209-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 31, 2018**

Appellant, Levick Linton, appeals from the order issued November 17, 2017, denying his petition for return of property.  We affirm.

Appellant was arrested on April 7, 2013, after he crashed his car into a parked vehicle.  A search incident to the arrest recovered five 325 mg Oxycodone pills, two cell phones, and $2,041.00 in cash, all of which was seized by the police.  A subsequent blood test revealed that Appellant's blood alcohol content was 0.178%; the test also detected the presence of Oxycodone in Appellant's blood.

The Commonwealth charged Appellant with multiple crimes, including possession of a controlled substance and various counts of driving under the influence ("DUI").  On March 24, 2015, Appellant pleaded guilty to one count

_____
* Former Justice specially assigned to the Superior Court.

of driving under the influence of a controlled substance[1] and, that same day, the trial court sentenced Appellant to serve a term of one to two years in prison.

Over two years later – on May 17, 2017 – Appellant filed a petition for return of property. Within the petition, Appellant demanded that the Commonwealth return the $2,041.00 that it seized incident to his April 7, 2013 arrest. Appellant's Petition, 5/17/17, at 2. Appellant claimed that the money was not subject to forfeiture because he only pleaded guilty to DUI and, thus, the money was not derivative of any illegal act or transaction. *Id.*

The trial court held a hearing on the petition, but ultimately denied the petition on November 17, 2017. Trial Court Order, 11/17/17, at 1. This timely appeal follows.

On appeal, Appellant presents the following issues for our review:

[1.] Did the trial court err in denying [Appellant's] petition for return of property in violation of the Controlled Substance Forfeiture Act, specifically 42 Pa.C.S. 6802 . . . in that [Appellant] was charged with and pled guilty to the charge of [DUI] . . . ?

[2.] Did the trial court err in [denying Appellant's petition] when the Commonwealth failed to prove that the monies taken from [Appellant were] contraband in that no evidence or testimony was presented on the record by the Commonwealth to establish a nexus between drug activity and the monies seized from [Appellant?]

[3.] Did the trial court err in denying [Appellant's petition] by relying on evidence or testimony that was not in evidence

---

[1] 75 Pa.C.S.A. § 3802(d)(1).

- 2 -

including, but not limited to the testimony of Detective Darrell Guy from the preliminary hearing which was not submitted into evidence by [Appellant] or the Commonwealth to the court and by improperly relying upon past and potential future criminal acts by [Appellant?]

Appellant's Brief at 4-5 (some internal capitalization omitted).

All of Appellant's claims on appeal contend that the trial court erred when it denied his petition for return of property. "The standard of review applied in cases involving motions for the return of property is an abuse of discretion." *Commonwealth v. Rodriguez*, 172 A.3d 1162, 1165 (Pa. Super. 2017) (citations omitted). However, as to questions of law, our standard of review is *de novo*. *Commonwealth v. Bradley*, 834 A.3d 1127, 1131 n.2 (Pa. 2003). Further, we are not bound by the trial court's reasoning and may affirm its decision on any basis. *Commonwealth v. Williams*, 73 A.3d 609, 617 n. 4 (Pa. Super. 2013).

Appellant's right to petition for the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588,[2] which provides:

---

[2] Appellant filed his petition on May 17, 2017. Effective July 1, 2017, the Pennsylvania legislature recodified and partially rewrote the Commonwealth's Forfeiture Act. *See* 42 Pa.C.S.A. §§ 5801-5808. Appellant has not cited to the newly recodified Forfeiture Act in his brief to this Court. Indeed, Appellant cites to the former version of the Act. *See* Appellant's Brief at 4. Further, Appellant does not claim that any of the rewritten provisions apply to his case. Therefore, Appellant waived any potential claim that the newly recodified Forfeiture Act applies to his case or that the new Act could have provided him relief, even though the former version does not. *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief").

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

While Appellant argues his petition should have been granted on the merits, the dispositive issue in this case is the petition's untimeliness. Our Supreme Court, in the case of **Commonwealth v. Allen**, construed the language of Rule 588 and held that "a petition for the return of property is timely when it is filed by the accused in the trial court **while that court retains jurisdiction, which is up to thirty days after disposition**." **Commonwealth v. Allen**, 107 A.3d 709, 717 (Pa. 2014) (emphasis added); **see also Commonwealth v. Setzer**, 392 A.2d 772 (Pa. Super. 1978).

In **Allen**, Mr. Allen filed a petition for the return of property almost eight years after the charges which led to the seizure of his property were dismissed. **Allen**, 107 A.3d at 711-712. The Pennsylvania Supreme Court held that Mr. Allen was required to file his petition for the return of property "during the pendency of the criminal proceedings, or while the trial court

- 4 -

retained jurisdiction for thirty days following dismissal of the charges." *Id.* at 717. The Supreme Court held that, since Mr. Allen failed to file his petition in the criminal trial court while the court possessed jurisdiction over his criminal case, he "waived any entitlement to the return of property under Rule 588." *Id.*

*Allen* is on all fours with the case at bar. In this case, the police arrested Appellant on April 7, 2013 and, during the arrest, the police seized $2,041.00 in cash from Appellant's person; Appellant then pleaded guilty to DUI on March 24, 2015. However, Appellant did not file a petition for the return of his property while the trial court retained jurisdiction over his criminal case. Instead, Appellant filed his petition on May 17, 2017 – more than two years after the disposition of his criminal case. In accordance with *Allen*, Appellant "had until [30] days following [his guilty plea], or [April 23, 2015], to move for return of [his p]roperty. Having failed to do so, he has waived any entitlement to the return of property under Rule 588." *Id.* at 717.

Appellant's claims on appeal thus all fail, as the trial court properly denied Appellant's petition for return of property.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/18