J-S19042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID CONSTANTINI, | : | |
| | : | |
| Appellant | : | No. 1084 EDA 2019 |

Appeal from the Order Entered March 18, 2019
in the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003160-2017

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 13, 2020**

David  Constantini  ("Constantini")  appeals,  *pro  se*,  from  the  Order denying his Motion for return of property filed pursuant to Pennsylvania Rule of Criminal Procedure 588.  We affirm.

On May 4, 2017, Delaware County Drug Task Force Officers executed a search warrant at Constantini's residence at 1122 Sterling Avenue in Linwood, Pennsylvania.  Officers entered the home, made contact with Constantini in an upstairs bedroom, and observed him drop on the floor multiple blue glassine bags containing white powder, which was later determined to be heroin.  Officers also discovered $380 in U.S. currency.  Constantini was arrested and charged with possession with intent to deliver a controlled substance and other related charges.

Constantini pled guilty to possession with intent to deliver a controlled substance and other related charges.  On August 2, 2018, Constantini was

sentenced to an aggregate term of one year, less one day, to two years, less one day, in prison, with one year of probation to be served concurrently with the prison sentence.

On December 17, 2018, Constantini filed the instant *pro se* Motion for return of property, pursuant to Pa.R.Crim.P. 588, requesting that the Commonwealth return to him the $380 in U.S. currency that was seized during the search of his residence. Following a hearing, the trial court denied the Motion. Constantini filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Constantini raises the following claims for our review:

I. Did the court abuse its discretion [by] denying the return of [Constantini's] personal property that has been seized by the Commonwealth[,] where there was no specifics [*sic*] nexus between the property and the alleged criminal activities?

II. Did the court act with prejudicial conduct by not allowing [Constantini] to challenge the Commonwealth's argument at [the return of] property hearing that his personal property was not derivative contraband?

III. Was the court in error by not given [*sic*] opinion of denying [Constantini's] personal property returned?

Brief for Appellant at 3.

"Our review of a trial court's decision on a [motion] for return of property is limited to examining whether the findings of fact were supported by competent evidence and whether the trial court abused its discretion or committed legal error." ***Commonwealth v. Janda***, 14 A.3d 147, 167 (Pa. Super. 2011).

- 2 -

In each of Constantini's claims, he alleges that the trial court abused its discretion in denying his Motion for the return of the $380 in U.S. currency. *See* Brief for Appellant at 29-50. Constantini argues that the Commonwealth failed to meet its burden to prove that the U.S. currency was contraband. *Id.* at 29-37. Constantini claims that he was unfairly prejudiced by the trial court because it had made its decision on the Motion before the hearing, and that the trial court erred in not issuing an opinion in support of its Order denying Constantini's Motion. *Id.* at 38-50.

Pennsylvania Rule of Criminal Procedure 588 states, in relevant part, as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. …
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B).

> Under this rule, … the moving party must establish[,] by a preponderance of the evidence[,] entitlement to lawful possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is entitled to lawful possession to the property[,] or the Commonwealth can seek forfeiture[,] claiming that property for which return is sought is derivative contraband. To meet its burden to defeat the motion for return of property, the Commonwealth must make out more

- 3 -

than simply demonstrating that the property was in the possession of someone who has engaged in criminal conduct. It must establish a specific nexus between the property and the criminal activity.

***Commonwealth v. Durham***, 9 A.3d 641, 645-46 (Pa. Super. 2010) (citation omitted).

However, in order to be timely, a motion for the return of property that was seized pursuant to a search, filed by the accused in the related criminal proceedings, must be filed while the trial court retains jurisdiction. ***See Commonwealth v. Allen***, 107 A.3d 709, 717 (Pa. 2014) (stating that "[p]ursuant to Rule 588, … a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." (citing 42 Pa.C.S.A. § 5505)); ***accord Commonwealth v. Setzer***, 392 A.2d 772 (Pa. Super. 1978). Where the motion is filed after the trial court is divested of jurisdiction, the accused "has waived any entitlement to the return of property under Rule 588." ***Id.***

Here, the $380 in U.S. currency was seized pursuant to a warranted search of Constantini's home, and Constantini was charged with crimes related to the search. The trial court disposed of Constantini's case on August 2, 2018, when it entered Constantini's judgment of sentence. Constantini filed his Motion with the trial court on December 17, 2018, well past the thirty days that the trial court retained jurisdiction over his case. ***See*** 42 Pa.C.S.A. § 5505. Accordingly, Constantini has waived any claim to the $380 in U.S.

currency, and the trial court did not abuse its discretion in denying his Motion for return of property. ***See Allen***, ***supra***.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/13/2020*