J-S23023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                      :  PENNSYLVANIA
                                        :
                  v.                    :
                                        :
                                        :
RICKY L. MILLER, JR.              :
                                        :
              Appellant       :  No. 130 MDA 2022

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002605-2009

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:    **FILED: OCTOBER 18, 2022**

Ricky L. Miller, Jr., appeals *pro se* from the order denying his petition for the return of property. **See** Pa.R.Crim.P. 588. We affirm.

In 2012, Miller pled guilty to homicide generally, and after a degree-of-guilt hearing, on August 3,2012, the trial court found him guilty of first-degree murder and sentenced him to life in prison. During the initial murder investigation, the police seized from Miller's person and vehicle various items of personal property, including $4,725 in cash.

Miller filed a timely direct appeal. While it was pending, Miller filed a *pro se* petition for the return of property. The trial court denied the petition, and Miller appealed to this Court. This Court affirmed Miller's judgment of sentence, on February 19, 2014. **See Commonwealth v. Miller**, 1571 MDA

_____

[*] Retired Senior Judge assigned to the Superior Court.

2012 (Pa.Super. filed February 19, 2014) (unpublished memorandum). About a week later, on February 25, 2014, we affirmed the trial court's denial of Miller's petition for return of property, concluding it was untimely. **See Commonwealth v. Miller**, 1067 MDA 2014 (Pa.Super. filed February 25, 2014) (unpublished memorandum). Miller petitioned our Supreme Court for allowance of appeal of his judgment of sentence, which the Court denied.

Next, in September 2015, Miller filed a timely Post Conviction Relief Act ("PCRA") petition,[1] which, *inter alia,* claimed that his trial counsel was ineffective for failing to file a timely petition for the return of his property. The trial court denied the petition, and this Court affirmed in May 2021. **See Commonwealth v. Miller**, 907 MDA 2020 (Pa.Super. filed May 26, 2021) (unpublished memorandum). This Court declined to address the claim regarding the return of property, as we found it was not cognizable under the PCRA. Miller sought allowance of appeal, which the Supreme Court denied.

Thereafter, Miller filed in the trial court, *pro se,* a second petition for the return of property, in December 2021. The trial court denied the petition as untimely. The court explained in its memorandum and order that the first petition had been adjudicated untimely and "[t]he waiver analysis of that vintage has not soured." Tr. Ct. Order, 12/17/21. The instant timely appeal followed, and both the trial court and Miller have complied with Pa.R.A.P. 1925.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Miller raises a single issue on appeal: "Did the [trial court] abuse its discretion when it denied [Miller's] Motion for Return of Property?" Miller's Br. at 3. He argues that the trial court erred by refusing to grant his second petition for the return of the $4,725 the police seized from him. He claims he is entitled to the money because the Commonwealth never established a connection between the cash and an illegal purpose on his part.

He also asserts that the court erred by rejecting his second petition for return of property as untimely. He claims the trial court erroneously found that the Pennsylvania Supreme Court's decision in **Commonwealth v. Allen**, 107 A.3d 709, 714 (Pa. 2014) required it to find his second petition untimely. He also maintains that the trial court's Rule 1925(a) opinion regarding his first petition for return of property misled him into believing that he could file a petition for return of property after the completion of the appeal process.

"The standard of review applied in cases involving motions for the return of property is an abuse of discretion." **Commonwealth v. Rodriguez**, 172 A.3d 1162, 1165 (Pa.Super. 2017) (citations omitted). However, as to questions of law, our standard of review is *de novo*. **Commonwealth v. Bradley**, 834 A.3d 1127, 1131 n.2 (Pa. 2003).

Miller's right to petition for the return of his seized property is governed by Pennsylvania Rule of Criminal Procedure 588, which provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of

common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

Our Supreme Court addressed the timeliness of a motion for return of property under Rule 588 in **Allen**. There, the Commonwealth withdrew charges in 2002, and the defendant filed a return motion under Rule 588 in 2010. **Allen**, 107 A.3d at 714. The Court concluded that the motion was untimely, and the claim under Rule 588 waived, because the defendant had not filed the motion while the trial court retained jurisdiction, *i.e.*, "up to thirty days after disposition." **Id.** at 717; **see also Commonwealth v. Setzer**, 392 A.2d 772, 773 n.4 (Pa.Super. 1978) (*en banc*) (finding petition to return property untimely when defendant failed to file it "in conjunction with post-trial motions or, at the latest, when sentence is imposed").

The untimeliness of Miller's second petition for the return of property is dispositive.[2] Miller filed his second petition over 9 years after the entry of his judgment of sentence. That is plainly more than "thirty days after disposition,"

_____

[2] Miller's argument that the trial court misled him is also unavailing. He was on notice that both the trial court and this Court considered his first petition for return of property to be untimely. It follows that any subsequent petition regarding the return of property would likewise be found untimely.

and not "in conjunction with post-trial motions" or "when sentence is imposed." Thus, Miller waived his ability to seek the return of his property via his second petition to return property. *See Allen*, 107 A.3d at 717; *Setzer*, 392 A.2d at 773 n.4.

Miller argues that our Supreme Court's intervening decision in *Allen* overturned *Setzer*. He thus maintains that *Allen* undermined this Court's prior determination, relying on *Setzer*, that his first petition for return of property was untimely. This is incorrect. The Pennsylvania Supreme Court in *Allen* explicitly confirmed *Setzer* and affirmed the same as an accurate statement of the law. *See Allen*, 107 A.3d at 718 ("Appellee's failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone petition. In this regard *Setzer*. . . remain[s] valid").

Thus, the trial court did not abuse its discretion by finding that Miller's second petition for return of property was untimely and his claim waived. *See*

***Rodriguez***, 172 A.3d at 1165. We thus affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2022