# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: $300,000 in U.S. Currency      :
                                :  No. 906 C.D. 2020

Appeal of: Zhi Xiong Xu            :  Argued: April 14, 2021


**BEFORE:**    **HONORABLE P. KEVIN BROBSON,** President Judge
                **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE MARY HANNAH LEAVITT,** Judge
                **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge
                **HONORABLE J. ANDREW CROMPTON,** Judge


**OPINION BY**
**JUDGE COHN JUBELIRER**                **FILED:  July 16, 2021**


      Zhi Xiong Xu (Appellant) appeals from the Court of Common Pleas of the 17th Judicial District, Union County Branch's (common pleas) July 31, 2020 Order denying as premature Appellant's Motion to Suppress Evidence, which was filed in Appellant's Motion for Return of Property action (return of property action) brought pursuant to Pennsylvania Rule of Criminal Procedure 588 (Rule 588), Pa.R.Crim.P. 588,[1] after Appellant had property seized by law enforcement during a traffic stop.

---

[1] Rule 588 states:

    (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

    (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

**(Footnote continued on next page…)**

Also pending before the Court is the Commonwealth of Pennsylvania's (Commonwealth) Motion to Dismiss Appeal for Mootness (Application), in which the Commonwealth argues that this matter is now moot as a result of the Commonwealth's commencing of a forfeiture action concerning the same property that Appellant seeks returned. In response to the Application, Appellant argues that this matter is not moot because the conduct complained of is one capable of repetition yet likely to evade review and is one of great public importance. As to the merits of this appeal, Appellant argues that a Pennsylvania Rule of Criminal Procedure 581 (Rule 581), Pa.R.Crim.P. 581,[2] motion to suppress may be brought in a return of property action under Rule 588 even where the Commonwealth has not yet filed criminal charges or a forfeiture action. After review, we agree that this matter is not moot, as it is capable of repetition yet evading review and involves an

_____

(C) A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.

Pa.R.Crim.P. 588.

[2] Rule 581 provides, in relevant part:

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

(B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578 [(relating to the types of relief appropriate to include in omnibus pretrial motions)]. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

(C) Such motion shall be made to the court of the county in which the prosecution is pending.

Pa.R.Crim.P. 581(A)-(C).

issue of great public importance. On the merits, because we interpret the language of Rule 588 to permit the filing of a motion to suppress by any person who has had their property seized, and not only a criminal defendant, we hold that a motion to suppress may be brought in a Rule 588 return of property action, regardless of whether the Commonwealth has filed criminal charges or a forfeiture action. Accordingly, we deny the Commonwealth's Application to Dismiss, vacate common pleas' July 31, 2020 Order denying Appellant's Motion to Suppress as premature, and remand this matter for further proceedings.

## I. BACKGROUND

This matter is an *in rem* proceeding regarding the seizure of assets. On January 23, 2020, a Pennsylvania State Police Trooper stopped Appellant's vehicle and seized approximately $300,000 in cash (Property). As of the filing of the instant appeal, no criminal action had been initiated against Appellant. On February 4, 2020, Appellant brought a stand-alone return of property action in common pleas seeking the return of the Property. On February 28, 2020, Appellant filed a Motion to Suppress, seeking suppression of the Property, Appellant's iPhone, which was also seized, and all statements made by Appellant to law enforcement. (Reproduced Record (R.R.) at 50a.) The Commonwealth opposed the Motion to Suppress, maintaining that Appellant could not bring a stand-alone motion to suppress in a return of property action prior to the Commonwealth filing criminal charges or initiating a forfeiture action. (R.R. at 83a.) After the Commonwealth filed its Answer and New Matter to the Motion to Suppress, a hearing, and briefing from the parties, common pleas denied the Motion to Suppress in its July 31, 2020 Order. Common pleas' Order did not provide a detailed explanation as to its reasoning but stated only that "[a]fter review of 42 Pa.C.S. § 5806, and [Pennsylvania Rules of

Criminal Procedure 100, 581, and 586,] Pa.R.Crim.P. 100, 581, and 586, [common pleas] determines that a Motion to Suppress is premature."  (Common Pleas' July 31, 2020 Order at n.1, R.R. at 138a.)[3]

Appellant filed a Petition for Permission to Appeal with this Court.  We granted the Petition and issued an order describing the issue as the following:

> Whether Pennsylvania law permits an individual aggrieved by the seizure of property to raise a motion to suppress evidence pursuant to [Rule] 581 in conjunction with a motion for return of property pursuant to [Rule] 588, where the Commonwealth has not filed a forfeiture petition and no criminal charges have been filed against the property owner.

(October 27, 2020 Order.)

On January 14, 2021, the Commonwealth filed a forfeiture petition in common pleas (forfeiture action).  Thereafter, the Commonwealth filed its Application, arguing that this matter is now moot because the relief that Appellant seeks – the ability to file a motion to suppress evidence – is now available before common pleas in the forfeiture action.  We then listed the Application for disposition with the merits of this appeal.[4]  (February 9, 2021 Order.)

---

[3] Appellant also filed an Omnibus Request for Relief in Response to the July 31, 2020 Order Denying the Motion to Suppress Evidence, in which Appellant requested clarification of the Order, reconsideration, and permission to appeal.  (R.R. at 139a-53a.)  Common pleas issued a Rule to Show Cause on August 18, 2020, (*id.* at 154a), and the Commonwealth filed its Answer in opposition to the Omnibus Request, (*id.* at 155a-63a).  However, it appears that common pleas did not otherwise act on the Omnibus Request.

[4] "Our review of [common pleas'] decision on a petition for the return of property is limited to examining whether the findings of fact made by [common pleas] are supported by competent evidence and whether [common pleas] abused its discretion or committed an error of law." *Singleton v. Johnson*, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007).

4

## II. DISCUSSION

*A. Whether this matter is moot because the Commonwealth commenced a forfeiture action in which Appellant can file a motion to suppress.*

The Commonwealth argues that this matter is now moot, as the relief Appellant seeks is the ability to file a motion to suppress, which is now available to him in the forfeiture action. The Commonwealth posits that there is no live case or controversy as a result. Further, the Commonwealth asserts that this matter is not within any of the exceptions to mootness, as the Commonwealth argues that "it is unlikely that the instant scenario is capable of repetition yet likely to evade review[,]" crediting any delay in the criminal investigation to the coronavirus pandemic. (Commonwealth's Brief (Br.) at 14.) As such, the Commonwealth contends that "[i]t is highly unlikely that such a combination of circumstances will occur in the future that would delay law enforcement action." (*Id.*) Further, the Commonwealth contends that this case likewise does not meet the public interest exception to mootness either. Accordingly, the Commonwealth argues that Appellant would not suffer any detriment if this Court deems the appeal moot, as he can file the same motion to suppress before common pleas in the forfeiture action.

Appellant responds that this matter is not moot because "the conduct complained of is capable of repetition yet likely to evade review" and "involves issues important to the public interest" under *Sierra Club v. Pennsylvania Public Utility Commission*, 702 A.2d 1131, 1134 (Pa. Cmwlth. 1997). Appellant points to the Commonwealth's position that a motion to suppress is available now that there is a forfeiture action as evidence as to how this is an issue capable of evading review, in that finding this issue moot now would leave this procedural question unresolved. Appellant views this result as permitting the Commonwealth to "sit" on evidence it seizes "until the Commonwealth decides to provide . . . an opportunity" to the

5

aggrieved individual to suppress evidence. (Appellant's Answer to Application ¶ 40.) Appellant asserts that this would leave similarly situated individuals without any mechanism to challenge the seizure of their property. Appellant compares this matter to that in *Warrington Township v. Powell*, 796 A.2d 1061, 1065 (Pa. Cmwlth. 2002), in which this Court held that the issue of whether a township could enter two business owners' property to conduct a fire inspection was not moot after the inspection had been concluded, as that issue was likely to be repeated and would avoid appellate review if not decided. Moreover, Appellant asserts that this is a matter of public interest as it concerns property seized from those who have not been charged with any crime.

Generally, we "will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process." *Sierra Club*, 702 A.2d at 1134 (citing *Cytemp Specialty Steel Div., Cylcops Corp. v. Pa. Pub. Util. Comm'n*, 563 A.2d 593, 596 (Pa. Cmwlth. 1989)). The Pennsylvania Supreme Court has explained:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way [resulting in] changes in the facts or in the law which allegedly deprive the litigant[s] of the necessary stake in the outcome. The mootness doctrine requires that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

*In re Gross*, 382 A.2d 116, 119 (Pa. 1978) (quoting G. Gunther, Constitutional Law 1578 (9th ed. 1975)) (internal quotations omitted). Thus, it is well settled that Pennsylvania courts "do not render decisions in the abstract or offer purely advisory opinions[,]" *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659

(Pa. 2005), and "that judicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract[,]" *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 577 (Pa. 2003). Here, while it is undisputed that Appellant had standing to sue at the outset of this action, there was a change in fact that has arguably deprived Appellant "of the necessary stake in the outcome[]"—the ability to file a motion to suppress. *In re Gross*, 382 A.2d at 119. Accordingly, it appears that, as a result of the Commonwealth's commencement of the forfeiture action, there is no real and concrete controversy at stake in the present action.

However, even where an appeal is technically moot, there exist exceptions to the mootness doctrine. For instance, we will hear a technically moot case "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest[,] or where a party will suffer some detriment without the court's decision." *Sierra Club*, 702 A.2d at 1134. Appellant argues that we should find this matter not moot under the exceptions for conduct capable of repetition yet likely to evade review and for issues important to the public interest, comparing the facts here to those in *Warrington Township*. In *Warrington Township*, two business owners challenged a township's annual, warrantless fire safety inspections of their premise. The township sought a court ruling because the owners refused to allow the inspection absent a ruling in the township's favor. However, after the appeal was filed, the township performed the inspection based on a warrant it previously acquired. The township thus argued that the matter before this Court was moot because the inspection had already been conducted with a warrant. Though, we considered the nature of the claim—that the business owners were challenging the township's annual inspection, not just a singular inspection. With this in mind, we held that the issue was not moot because

7

"the issue of access to [the business owners'] premises is one likely to be repeated, yet evade appellate review, and the question . . . is one concerning important public interests." *Warrington Township*, 796 A.2d at 1065.

The case before us presents a similar issue, in that it is one capable of repetition yet would escape review if it were not considered now and involves a question concerning important public interests. While it is true that Appellant technically has the ability to now file his motion to suppress in the forfeiture action, there remains an important issue unresolved. As civil asset forfeiture is a prevalent practice in this Commonwealth, it is likely that this situation is capable of repetition, regardless of any delay that occurred in this case as a result of the coronavirus pandemic. Further, should we hold that this issue is moot in all cases in which the Commonwealth files a forfeiture action after an individual seeks suppression in a Rule 588 return of property action, the issue would evade review in each instance that it arises.

Moreover, the issue of whether an individual is able to seek suppression of such evidence in a return of property action where that individual has not been charged with a crime but has had their property seized in an allegedly unconstitutional manner by the government is undoubtedly one concerning important public interests. Accordingly, we hold that this issue is not moot and deny the Commonwealth's Application.

> B. *Whether a motion to suppress may be brought in a return of property action prior to the Commonwealth's filing of criminal charges or a forfeiture petition.*

Appellant argues that a motion to suppress under Rule 581 may be filed in a return of property action brought pursuant to Rule 588 even where the Commonwealth has not filed criminal charges or a forfeiture petition. Relying on

8

*Boniella v. Commonwealth*, 958 A.2d 1069, 1073 (Pa. Cmwlth. 2008), and *In re One 1988 Toyota Corolla (Blue Two-Door Sedan) Pa. License TPV 291*, 675 A.2d 1290, 1294-95 (Pa. Cmwlth. 1996), Appellant contends "that a proceeding for return of property under [Rule] 588 is simply a mirror image of a forfeiture action under the [Controlled Substances] Forfeiture Act"[5] and that, while the nature of such proceedings are *in rem* and, therefore, civil, they have been consistently described as "civil in form but quasi-criminal in character." (Appellant's Br. at 22 (internal quotation marks omitted).) Appellant next asserts that "it is a well[-]settled proposition of law that the Commonwealth may not permanently acquire derivative contraband [that] it has initially seized unconstitutionally" and that the exclusionary rule extends to forfeiture proceedings. (*Id.* at 23 (quoting *Commonwealth v. Anthony*, 613 A.2d 581, 584 (Pa. Super. 1992))[6] (citing *Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive*, 104 A.3d 411, 424 (Pa. 2014)).) Further, Appellant maintains that there is a "litany of case law that specifically authorizes evidentiary suppression in cases involving asset forfeiture" and that "neither criminal prosecution nor a conviction is required for property to be deemed forfeitable pursuant to the [Controlled Substances] Forfeiture Act." (*Id.* at 25-26.) Appellant points to *Commonwealth v. One 1955 Buick Sedan*, 182 A.2d 280 (Pa. Super. 1962), *Commonwealth v. McJett*, 811 A.2d 104 (Pa. Cmwlth. 2002), and *Commonwealth v. $16,208.38 U.S. Currency Seized from Holt*, 635 A.2d 233 (Pa. Cmwlth. 1993), to show that our courts have consistently held that the remedy of suppression is available to litigants in forfeiture actions.

---

[5] 42 Pa.C.S. §§ 5801-5808.

[6] We are "not bound by the Superior Court's precedents[;] although, where persuasive, we are free to adopt the Superior Court's reasoning." *Wertz v. Chapman Township*, 709 A.2d 428, 433 n.8 (Pa. Cmwlth. 1998).

With these legal maxims in mind, Appellant asserts that Rule 588 "*specifically and unequivocally*" provides that a motion to suppress under Rule 581 may be brought in a return of property action. (Appellant's Br. at 24 (emphasis in original).) Further, Appellant maintains that "it is well settled that evidentiary suppression is an available remedy in civil asset forfeiture proceedings[,]" which necessarily includes return of property actions under Rule 588. (*Id.* at 26-27 (emphasis omitted).) Further, Appellant argues the Commonwealth's interpretation of Rule 581's statement that a suppression motion "shall be made only after a case has been returned to the court," Pa.R.Crim.P. 581, to be inapplicable to such a motion brought in a Rule 588 return of property proceeding because "such an interpretation would have bizarre consequences." (*Id.* at 28.) For instance, Appellant points to a situation in which a criminal defendant who has their charges dismissed at a preliminary hearing would be unable to pursue suppression in any subsequent forfeiture proceedings because no charges had "been returned to court" under Rule 581. Pa.R.Crim.P. 581. Or, as in the present case, Appellant argues that "an individual who is not charged with a crime at all would be unable to seek suppression of evidence illegally obtained because no charges have been filed[,]" and, therefore, no case has been returned to court. (*Id.* at 28-29.) Thus, Appellant posits that Rule 588 permits a Rule 581 suppression motion regardless of "whether . . . there is a concurrent criminal prosecution" or forfeiture proceeding. (*Id.* at 31.)

The Commonwealth responds that Rule 588 does not permit an individual to file a motion to suppress where the Commonwealth has not filed a forfeiture petition or criminal charges. (Commonwealth's Br. at 15.) The Commonwealth first looks to Rule 581, focusing on the language providing that the "defendant's attorney" or the "defendant" "may make a motion to the court to suppress any evidence," and

10

that, "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require, such motion [to suppress evidence] *shall be made only after* a case has been returned to court." (*Id.* (emphasis in original) (quoting Pa.R.Crim.P. 581).) In light of this language, the Commonwealth asserts that "a motion to suppress should not be filed until after a case has been returned to court[,]" *i.e.*, the filing of criminal charges, "unless [Appellant] can meet the interests of justice exception to Rule 581." (*Id.* at 17.) Moreover, the Commonwealth avers that because a motion to suppress is not among the types of pleadings allowed in a civil case under the Pennsylvania Rules of Civil Procedure, it is not properly brought in a stand-alone return of property action.

Looking to the interplay between Rule 588 and Rule 581, the Commonwealth argues that "Rule 588 is permissive," in that it "provides that a motion *may* be joined in a motion for return of property." (*Id.* (emphasis in original).) "On the other hand," the Commonwealth asserts that "Rule 581 is unequivocal and mandatory; it provides that a motion to suppress *shall be made only after* a case has been returned to court." (*Id.* (emphasis in original).) The Commonwealth further contends that Rule 581's specific reference to a motion to suppress filed "under Rule 581" requires that all of the specific, mandatory requirements of Rule 581 be met, *i.e.*, that the case has been returned to court or the interests of justice so require. (*Id.* (quoting Pa.R.Crim.P. 588).) With regard to the interests of justice requirement, the Commonwealth argues that it cannot be met because the exception focuses on the timeliness of suppression motions. (*Id.* at 18.) The Commonwealth further maintains that, while permitting a motion to suppress in a forfeiture action "comports with the purpose of a motion to suppress evidence[,]" "[i]n a stand-alone motion for return of property action[,] there simply is no government evidence to suppress" because there is no criminal case or

11

forfeiture action in which incriminating evidence is available. (*Id.* at 19-20.) We now turn to the merits of this appeal.

It is well settled "that a proceeding for return of property under [Rule] 588 is simply a mirror image of a forfeiture action under the [Controlled Substances] Forfeiture Act." *Boniella*, 958 A.2d at 1073 (quoting *In re One 1988 Toyota Corolla*, 675 A.2d at 1295) (internal quotations omitted). In a forfeiture action, however, "for property to be deemed forfeitable, neither a criminal prosecution nor a conviction is required." *Commonwealth v. $6,425.00 Seized From Esquilin*, 880 A.2d 523, 530 (Pa. 2005) (citing *Commonwealth v. $11,600.00 Cash, U.S. Currency*, 858 A.2d 160, 167 (Pa. Cmwlth. 2004)). Indeed, we have explained that "the progress of an ancillary criminal proceeding, if any, may not be relevant because conviction of a crime is not necessary to support forfeiture proceedings[.]" *Commonwealth v. Allen*, 59 A.3d 677, 679-80 (Pa. Cmwlth. 2012) (citation and internal quotation marks omitted). Therefore, "there may be a civil forfeiture proceeding where no criminal charges have even been filed against the person from whom the property has been seized." *Id.* at 680.

Nonetheless, because these proceedings necessarily entail some criminal conduct, they have been described as "civil in form, but quasi-criminal in nature." *Commonwealth v. Landy*, 362 A.2d 999, 1005 (Pa. Super. 1976). The United States Supreme Court has explained that "proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal." *Boyd v. United States*, 116 U.S. 616, 634 (1886). Even so, this quasi-criminal nature does not "require the full panoply of rights due a criminal defendant." *Landy*, 362 A.2d at 1005. For instance, with respect to issues of evidence, our courts have required the

12

Commonwealth to prove its forfeiture case by a preponderance of the evidence, rather than the beyond a reasonable doubt standard applicable in criminal cases. *Id.*

Although forfeiture actions are civil in form, the United States Supreme Court has recognized that the exclusionary rule of the Fourteenth Amendment[7] does apply to such actions. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702 (1965). This is because the exclusionary rule "is an essential part of both the Fourth[8] and Fourteenth Amendments," *id.* at 695, with "the sole purpose . . . to deter police misconduct[,]" *Commonwealth v. Valentin*, 748 A.2d 711, 713 (Pa. Super. 2000). The motion to suppress is a procedural vehicle effectuating the purpose of the exclusionary rule which is to deter police misconduct, by allowing the "[s]uppression of the use of illegally seized evidence against the search victim[.]" *United States v. Calandra*, 414 U.S. 338, 347-48, 350 (1974). Indeed, the United States Supreme Court has explained that

> [t]he very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment.

---

[7] The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

[8] The Fourth Amendment to the United States Constitution states, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. CONST. amend. IV. The protections of the Fourth Amendment are applicable to the States by virtue of the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657-60 (1961).

*McCray v. Illinois*, 386 U.S. 300, 307 (1967). Accordingly, absent the ability to file a motion to suppress evidence seized unconstitutionally, the exclusionary rule would be without teeth.

In *One 1958 Plymouth Sedan*, the United States Supreme Court examined the Commonwealth's argument that a motion to suppress should not be available in forfeiture proceedings. The Supreme Court held that "[i]t would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible." *One 1958 Plymouth Sedan*, 380 U.S. at 701. The Court recognized "[t]hat the forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the criminal prosecution[,]" which "has in fact been recognized by the Pennsylvania courts." *Id.* Thus, "the Commonwealth may not permanently acquire derivative contraband which it has initially seized unconstitutionally." *Anthony*, 613 A.2d at 584. Keeping this in mind, we look to the Rules of Criminal Procedure at issue in this case.

Rule 588(A)-(C) states:

(A) A **person** aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

(B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored **unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.**

14

(C) **A motion to suppress evidence under Rule 581 may be joined with a motion under this rule.**

Pa.R.Crim.P. 588(A)-(C) (emphasis added).[9]  In turn, Rule 581(A)-(C) provides in pertinent part:

> (A) The **defendant's** attorney, or the **defendant** if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.
>
> (B) **Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court** and shall be contained in the omnibus pretrial motion set forth in Rule 578.  If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.
>
> (C) Such motion shall be made to the court of the county in which the prosecution is pending.

Pa.R.Crim.P. 581(A)-(C) (emphasis added).

Procedurally, under Rule 588, the aggrieved party first must establish lawful possession of the property, and the burden then shifts to the Commonwealth to prove the property is contraband.  *In re One 1988 Toyota Corolla*, 675 A.2d at 1295.[10]

---

[9] The comment to Rule 588 indicates that

> [a] motion for the return of property should not be confused with a motion for the suppression of evidence, governed by Rule 581.  However, if the time and effect of a motion brought under the instant rule would be, in the view of the judge hearing the motion, substantially the same as a motion for suppression of evidence, the judge may dispose of the motion in accordance with Rule 581.

Pa.R.Crim.P. 588, Comment.

[10] Conversely, in a proceeding under the Controlled Substances Forfeiture Act, the Commonwealth has the initial burden of proof to show that the property was unlawfully used or is otherwise forfeitable.  The burden then shifts to the individual claiming ownership to either prove a statutory defense or to disprove that the evidence is contraband. *In re One 1988 Toyota Corolla*, **(Footnote continued on next page…)**

Then, if "the court determines that such property is contraband . . . the court may order the property to be forfeited." Pa.R.Crim.P. 588(B).[11]

Looking to Rule 588(C), the specific and unequivocal language that "[a] motion to suppress under Rule 581 may be joined with a motion under this rule[]" appears to indicate that a motion to suppress was intended to be available in return of property actions. Pa.R.Crim.P. 588(C). What is not clear, however, is whether Rule 588's language indicating that a "[a] motion to suppress evidence under Rule 581" is to be read as requiring that all of the prerequisites stated in Rule 581 must be met in every case, as the Commonwealth maintains. *Id.* A motion to suppress may only be brought after the case has been returned to court, *i.e.*, after the Commonwealth has filed criminal charges, or in a forfeiture action.

When construing the Rules of Criminal Procedure, the intent of our Supreme Court controls. *Commonwealth v. Baker*, 690 A.2d 164, 167 (Pa. 1997). Our highest Court has explained that the rules of statutory construction are applicable in the context of procedural rules. *Id.* In determining the intent of our Supreme Court, "the best indication of [the Court's] intent is the plain language of the rule." *Commonwealth v. Williams*, 125 A.3d 425, 428 (Pa. Super. 2015) (alterations omitted). We do not interpret Rule 588(C)'s use of the word "under" in referring to

675 A.2d at 1295. Furthermore, the Controlled Substances Forfeiture Act provides a procedure for a motion for return of property, stating: "A person aggrieved by a search and seizure may move for the return of the property seized by filing a motion in the court of common pleas in the judicial district where the property is located." 42 Pa.C.S. § 5806(a)(1).

Additionally, while *In re One 1988 Toyota Corolla* refers to Pennsylvania Rule of Criminal Procedure 324, the rule was renumbered to Rule 588 as of April 1, 2001. *See* Note to Pennsylvania Rule of Criminal Procedure 588, Pa.R.Crim.P. 588.

[11] While Rule 588(B) states that forfeiture may be ordered by the trial court, our case law indicates that forfeiture is not permitted in a return of property action until the Commonwealth has moved for forfeiture, either orally or in writing. *In re One 1988 Toyota Corolla*, 675 A.2d at 1295 n.10; *Commonwealth v. Pomerantz*, 573 A.2d 1149, 1152 (Pa. Super. 1989).

a Rule 581 motion to suppress as intended to incorporate all of the prerequisites stated in Rule 581. Indeed, this interpretation is supported by the specific language used in each of these rules to describe the individual who may bring these motions. In Rule 581(A), that individual is explicitly referred to as a "defendant." Pa.R.Crim.P. 581(A). This comports with the purpose of a standard Rule 581 suppression motion, which is brought in a criminal proceeding in which there is a defendant who has been charged with a crime or a forfeiture action in which the government seeks to prove that an individual committed a crime by a preponderance of the evidence. Conversely, Rule 588 explicitly refers to the individual who may bring a return of property action as a "person." Pa.R.Crim.P. 588(A). In fact, the word "defendant" is not found in Rule 588 at all. While this "person" could be a defendant, the specific use of the word "person" in lieu of "defendant" indicates an intention that Rule 588 be available to **any** "person" who has had their property seized, not just a "defendant" who is the subject of criminal or forfeiture proceedings. This difference in the specific language in the Rules supports our conclusion that a motion to suppress may be brought in a return of property action under Rule 588 by any **person** who has had their property seized unconstitutionally, regardless of whether criminal charges or a forfeiture action have been filed.[12]

Considering that the Commonwealth may not retain property seized unconstitutionally, *Anthony*, 613 A.2d at 584, that the exclusionary rule is applicable to civil asset forfeiture proceedings, *One 1985 Plymouth Sedan*, 380 U.S. at 702, and that a civil asset forfeiture requires neither a criminal prosecution nor a conviction, *$6,425.00 Seized From Esquilin*, 880 A.2d at 530, this conclusion is also consistent

---

[12] Because we conclude that a motion to suppress is available to individuals in a return of property action, we need not address whether the "interests of justice" exception in Rule 581(B) would have to be met in order for the motion to be brought.

17

with our precedent. In interpreting Rule 588 to permit the filing of a motion to suppress in this circumstance, we ensure that individuals have a viable vehicle to challenge the Commonwealth's conduct in unconstitutionally seizing their property where they have not been subjected to criminal charges or a forfeiture petition—a purpose supported by Rule 588(C)'s explicit provision providing for such a motion. In the present case, Appellant alleges that the Commonwealth illegally seized the following evidence: $300,000 in currency, his iPhone, and statements made to law enforcement during the traffic stop. Without the motion to suppress, the Commonwealth would be able to use this evidence in an effort to meet its burden of showing that the Property was contraband, *In re One 1988 Toyota Corolla*, 675 A.2d at 1295, while Appellant would have no procedural mechanism to challenge such use of this evidence. This would leave unchecked unconstitutional searches and seizures by the Commonwealth, as individuals would lack a procedure to suppress illegally gained evidence until the Commonwealth decides to file either criminal charges or a forfeiture petition. And, considering that there are some instances in which there is no applicable statute of limitations requiring the Commonwealth to do so, such an individual may never have the opportunity to challenge a seizure of their property if the Commonwealth chooses to not file charges or a forfeiture petition. In sum, there is simply no indication that Rule 588 was written to preclude the filing of a motion to suppress in this instance.[13]

---

[13] We note that our decision is narrowly focused on when an individual may **file** a motion to suppress in a return of property action.

## III. CONCLUSION

Based on the foregoing, this matter is not moot as a result of the Commonwealth's filing of a forfeiture action, and we deny the Application to Dismiss. We further conclude that a motion to suppress may be brought in a Rule 588 return of property action, regardless of whether the Commonwealth has filed criminal charges or a forfeiture action, and vacate common pleas' Order and remand for further proceedings.

_____
**RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In Re: $300,000 in U.S. Currency,     :
                                    :   No. 906 C.D. 2020

Appeal of: Zhi Xiong Xu           :

## **O R D E R**

**NOW**, July 16, 2021, the Commonwealth's Motion to Dismiss Appeal for Mootness is **DENIED**, the Order of the Court of Common Pleas of the 17th Judicial District, Union County Branch, denying Appellant's Motion to Suppress in the above-captioned matter is **VACATED**, and this matter is **REMANDED** for further proceedings.

Jurisdiction relinquished.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge